No. 02-283

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 142

DAVID THURSTON,

              Petitioner and Appellant,

   v.

STATE OF MONTANA,

              Respondent and Respondent.


APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and for the County of Cascade, Cause No. BDC-92-262,
                      The Honorable Kenneth R. Neill, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Chad Wright, Montana Appellate Defender, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Jennifer Anders,
                Assistant Attorney General, Helena, Montana

                Brant Light, Cascade County Attorney, Great Falls, Montana


                                Submitted on Briefs:  August 28, 2003

                                          Decided:  June 7, 2004

Filed:


                                Clerk

Justice Jim Regnier delivered the Opinion of the Court.

¶1 David Thurston (Thurston) was charged with two counts of sexual intercourse without consent and one count of sexual assault. Thurston pleaded guilty to the two counts of sexual intercourse without consent as part of a plea agreement. The District Court sentenced Thurston to twenty years in prison for the first Count of sexual intercourse without consent, and ten years suspended for the second count. Thurston later filed a Petition for Postconviction Relief which the District Court denied. Thurston appeals from the District Court's Order. We affirm in part, reverse in part, and remand.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err when it refused to address Thurston's postconviction claim that the District Court was without authority to sentence him without considering the statutory nonviolent offender criteria?

¶4 2. Did the District Court abuse its discretion when it denied four of Thurston's claims for postconviction relief?

¶5 3. Did the District Court abuse its discretion when it denied Thurston's request to amend his Petition for Postconviction Relief?

BACKGROUND

¶6 On September 4, 1992, David Thurston was charged with two counts of sexual intercourse without consent and one count of sexual assault. Steven Hudspeth (Hudspeth) represented Thurston before the District Court. As part of a plea agreement, Thurston pleaded guilty to the first two counts. In exchange, the State dropped the sexual assault charge and agreed to recommend up to a twenty-year prison sentence on Count I, and up to

2

a ten-year suspended sentence on Count II.  The District Court sentenced Thurston in accordance with the State's recommendation.  Thurston did not appeal his sentence.

¶7      On November 30, 1998, Thurston filed a *pro se* Petition for Postconviction relief. Thurston was later appointed counsel to represent him in the postconviction proceedings. The District Court denied Thurston's Petition.  Thurston appeals from the District Court's Order.

## STANDARD OF REVIEW

¶8      We review a district court's denial of postconviction relief to determine whether the court's findings of fact are clearly erroneous and whether its conclusions of law are correct. *Soriach v. State*, 2002 MT 187, ¶ 13, 311 Mont. 90, ¶ 13, 53 P.3d 878, ¶ 13.  Discretionary rulings in postconviction relief proceedings,  including rulings relating to whether to hold an evidentiary hearing, are reviewed for an abuse of discretion.  *Soriach*, ¶ 13.  Moreover, claims of ineffective assistance of counsel are mixed questions of law and fact; therefore, this Court's review is *de novo*.  *Soriach*, ¶ 13.

¶9      An order denying a motion to amend a postconviction petition is reviewed for an abuse of discretion.  *Kills On Top v. State* (1996), 279 Mont. 384, 390, 928 P.2d 182, 187.

## DISCUSSION

### ISSUE ONE

¶10     Did the District Court err when it refused to address Thurston's postconviction claim that the District Court was without authority to sentence him without considering the statutory nonviolent offender criteria?

¶11     In Ground Eight of his Petition for Postconviction Relief, Thurston alleged the District

Court erred by imposing a prison sentence without considering the statutory nonviolent offender criteria. Section 46-18-201(10), MCA (1991), the statute in effect at the time of Thurston's trial, provides that in sentencing a nonviolent felony offender, the sentencing judge shall consider alternatives to imprisonment in a state prison, including placement in a community corrections facility or program. The sentencing court apparently failed to do so. The District Court denied Thurston's postconviction claim regarding the nonviolent offender criteria, concluding it should have been raised on direct appeal pursuant to § 46-21-105(2), MCA. Section 46-21-105(2), MCA, provides that an issue which could have been reasonably raised on direct appeal may not be raised in a petition for postconviction relief.

¶12 On appeal Thurston argues that the sentencing court's failure to comply with § 46-18-201(10), MCA (1991), is an issue of subject matter jurisdiction and can therefore be raised at any stage of a judicial proceeding. He cites to *State v. Moorman* (1996), 279 Mont. 330, 928 P.2d 145, for the proposition that sentences imposed without statutory authority raise claims of subject matter jurisdiction which are never procedurally barred. In *Moorman*, the defendant claimed that the sentencing court lacked jurisdiction to continue his dangerous offender designation upon revocation of a suspended sentence. We stated that "If the District Court lacked the statutory authority to impose the dangerous offender designation on Moorman, then Moorman's sentence is void." *Moorman*, 279 Mont. at 336, 928 P.2d at 149.

¶13 While Thurston is correct that issues involving subject matter jurisdiction may be raised at any stage of a judicial proceeding, we disagree that subject matter jurisdiction is at issue here. *Moorman* is not applicable in this case. In *Moorman*, the defendant challenged

4

the sentencing court's jurisdiction to impose a sentence in the first place. *Moorman*, 279 Mont. at 336, 928 P.2d at 149. Here, Thurston is arguing the sentencing judge failed to consider sentencing alternatives, not that it lacked jurisdiction to impose a sentence in the first place. We conclude the District Court did not err when it refused to address Thurston's postconviction claim that the District Court was without authority to sentence him without considering the statutory nonviolent offender criteria. Here, Thurston did not raise this matter on direct appeal and pursuant to § 46-21-105(2), MCA, he may not do so in this postconviction proceeding.

### ISSUE TWO

¶14 Did the District Court abuse its discretion when it denied four of Thurston's claims for postconviction relief?

¶15 Thurston next argues that the District Court erred when it dismissed four other postconviction claims because they were not raised on direct appeal and were therefore barred by § 46-21-105(2). These claims include Ground Seven, alleging that Thurston's attorney, Hudspeth, had a conflict of interest; (2) Grounds Four and Six, alleging that Hudspeth provided ineffective assistance at sentencing because he failed to present arguments in mitigation of the sentence; and (3) Ground Thirteen, alleging that Hudspeth provided ineffective assistance when he advised Thurston about the length of the sentence.

¶16 Thurston argues that Hudspeth had a conflict of interest while representing Thurston because Hudspeth was a former Cascade County Deputy Attorney. Thurston states that Hudspeth exchanged information about the investigation of Thurston's case while he was a deputy county attorney.

5

¶17 A defendant claiming ineffective assistance of counsel due to a conflict of interest must show: (1) that counsel actively represented conflicting interests; and (2) that an actual conflict of interest adversely affected counsel's performance. *State v. Deschon*, 2002 MT 16, ¶ 18, 308 Mont. 175, ¶ 18, 40 P.3d 391, ¶ 18. The District Court denied Ground Seven in Thurston's Petition for Postconviction Relief stating, "First, this [the conflict of interest] was admittedly disclosed to the Defendant who did not elect to ask for other counsel. Second, there is no statement as to how this might have affected the performance of counsel or how Defendant might have been prejudiced."

¶18 Thurston cites us to *Sanders v. Ratelle* (9th Cir. 1994), 21 F.3d 1446. In *Sanders*, the Ninth Circuit stated, "Once an actual conflict has been demonstrated, prejudice is presumed since the harm may not consist solely of what counsel does, but of 'what the advocate finds himself compelled to *refrain* from doing, not only at trial but also' during pretrial proceedings and preparation." *Sanders,* 21 F.3d at 1452, citing *Holloway v. Arkansas* (1978), 435 U.S. 475, 490, 98 S.Ct. 1173, 1181, 55 L.Ed.2d 426. The Ninth Circuit further stated that, "The existence of an actual conflict cannot be governed solely by the perceptions of the attorney; rather, the court itself must examine the record to discern whether the attorney's behavior seems to have been influenced by the suggested conflict." *Sanders*, 21 F.3d at 1452.

¶19 Thurston also cites to the American Bar Association's Standards for Criminal Justice. Standard 4-3.5 states:

> (f) Defense counsel should not defend a criminal case in which counsel's partner or other professional associate is or has been the prosecutor in the same case.
> (g) Defense counsel should not represent a criminal defendant in a jurisdiction

6

in which he or she is also a prosecutor.

(h) Defense counsel who formerly participated personally and substantially in the prosecution of a defendant should not thereafter represent any person in the same or a substantially related matter. Defense counsel who was formerly a prosecutor should not use confidential information about a person acquired when defense counsel was a prosecutor in the representation of a client whose interests are adverse to that person in a matter.

ABA Standards on Criminal Justice 4-3.5(f)-(h), 3d Ed. (1993). In addition, Thurston directs us to § 37-61-413, MCA, which states:

**Former public prosecutors not to defend.** An attorney and counselor who has brought, carried on, aided, advocated, or prosecuted or has been in anyway connected with an action or special proceeding, civil or criminal, as attorney general, county attorney, or other public prosecutor, must not, at any time thereafter, directly or indirectly advise concerning, aid, or take any part in the defense thereof; or take or receive either directly or indirectly, from a defendant therein or other person a fee, gratuity, or reward for or upon any cause, consideration, pretense, understanding or agreement, either express or implied, having relation thereto or to the prosecution or defense thereof.

Section 37-61-413, MCA.

¶20 While Standard 4-3.5 and § 37-61-413, MCA, support an argument that Hudspeth should not have represented Thurston in criminal proceedings after supposedly gaining knowledge of his case through his employment as a Deputy Cascade County Attorney, it is not a basis for reversal unless Thurston is able to establish an "actual conflict" existed. No evidence exists that Hudspeth's representation of Thurston was influenced by the suggested conflict. Thus, we affirm the District Court's ruling on Thurston's conflict of interest claim.

¶21 In Ground Four Thurston alleged that his attorney failed to raise mitigating information at his sentencing hearing. According to Thurston, he provided his attorney with information needed to support at least seven of the criteria to support his designation as a non-violent felony offender, but his attorney failed to raise the issue at sentencing. In

7

Ground Six Thurston alleged his attorney was unprepared for the sentencing hearing. He allegedly did not discuss with Thurston how to refute testimony of the State's witness until Thurston and the attorney were walking to the sentencing hearing. Thurston would have recommended calling certain witnesses to refute the State's testimony, but by this time it was too late to do so. The District Court denied these claims, concluding they "would have been reflected in or apparent from the record of the sentencing hearing," and therefore could have been raised on direct appeal.

¶22 Finally, in Ground Thirteen, Thurston alleged that his attorney failed to provide him with an accurate portrayal of the 20-year prison sentence contained in the plea agreement. Apparently, Thurston's attorney advised him that if designated as a non-dangerous offender, a 20-year sentence meant parole eligibility after approximately two and one half years. However, because Thurston required sex offender treatment before becoming eligible for parole, he could not be parole eligible in less than five years.

¶23 Claims for ineffective assistance of counsel alleging facts beyond the record are not appropriately raised on direct appeal. *State v. Black* (1990), 245 Mont. 39, 43, 798 P.2d 530, 533. When ineffective assistance of counsel claims require consideration of factual matters outside the record, the claims are appropriately raised in a petition for postconviction relief. *State v. J.C.*, 2004 MT 75, ¶ 25, 320 Mont. 411, ¶ 25, 87 P.3d 501, ¶ 25. In *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, the United States Supreme Court set forth the standard used to determine whether a convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not

functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d 674.

¶24 The District Court refused to address Grounds Four, Six and Thirteen on the basis that they would have been reflected in or apparent from the record of the sentencing hearing. It concluded that, "Therefore, they could have been raised on appeal and cannot be raised in a petition for postconviction relief."

¶25 We disagree with the District Court. The basis for these three grounds in Thurston's Petition for Postconviction Relief rests upon conversations Thurston had with his counsel which would not be reflected in the record. What counsel told Thurston outside the courtroom, the witnesses that counsel failed to call, and counsel's explanation for failure to fully present mitigating evidence, by their very nature, cannot be found in transcripts or the record. We reverse and remand this issue to the District Court. The District Court is ordered to consider Grounds Four, Six and Thirteen on their merits in accordance with *Strickland*.

ISSUE THREE

¶26 Did the District Court abuse its discretion when it denied Thurston's request to amend his Petition for Postconviction Relief?

¶27 Thurston argues the District Court abused its discretion when it denied his motion to amend his Petition for Postconviction Relief to allege counsel was ineffective for failing to perfect an appeal. Thurston cites *Kills On Top,* 279 Mont. at 391, 928 P.2d at 187, for the

9

proposition that an amendment should be allowed at any time, as long as the amendment would not be "futile."

¶28 The present case and *Kills On Top* are distinguishable. Here, Thurston did not file his motion until several months after the District Court had already denied his Petition for Postconviction Relief. In *Kills On Top*, the petitioner sought to amend his petition within the deadline period set by the District Court, before a final judgment was issued. We affirm the District Court's refusal to allow Thurston to amend his Petition for Postconviction Relief after the District Court had already denied his Petition.

¶29 Affirmed in part, reversed in part, and remanded.

/S/ JIM REGNIER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ JIM RICE