FILED

June 23 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0413

DA 14-0413

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 173N

TIMOTHY JOHN LONGJAW,

        Petitioner and Appellant,

    v.

STATE OF MONTANA,

        Defendant and Appellee.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 13-1270
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Timothy John Longjaw (Self-Represented), Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            Kirsten H. Pabst, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  May 20, 2015
Decided:  June 23, 2015

Filed:

                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Timothy Longjaw appeals from the District Court's order filed February 19, 2014, dismissing Longjaw's petition for postconviction relief.  We affirm.

¶3      In September 2010 a jury in the Fourth Judicial District Court in Missoula convicted Longjaw of the felonies of aggravated burglary and sexual intercourse without consent.  He was sentenced and appealed to this Court, which reversed the conviction for aggravated burglary. This Court also determined that Longjaw's standby appointed counsel did not have an impermissible conflict of interest, and that Longjaw's contention that he received ineffective assistance of counsel when standby counsel failed to obtain an independent medical expert should be raised in a proceeding for postconviction relief. *State v. Longjaw*, 2012 MT 243, 366 Mont. 472, 288 P.3d 210.

¶4      Longjaw filed the present petition for postconviction relief in November 2013. The District Court dismissed four of the grounds for relief (failure of attorney to move to suppress evidence; error by the District Court in issuing orders while a motion to substitute was pending; conflict of interest of standby counsel; and improper sentencing due to faulty pre-sentence report) but ordered the State to respond to Longjaw's argument

2

that he received ineffective assistance of counsel for failing to obtain a medical expert. Longjaw asserts that the sexual intercourse was consensual and that an expert could establish his defense.

¶5 The State responded to the petition and submitted affidavits from two of Longjaw's former appointed attorneys. The District Court considered the record and dismissed the petition because it failed to support Longjaw's contention that his attorneys provided ineffective assistance. To the contrary, the record showed a consistent pattern of personal conflicts between Longjaw and various appointed public defenders, and that Longjaw ultimately prevailed with his insistence upon representing himself. In so doing, Longjaw refused contact with standby counsel, one of whom informed Longjaw that he had actually obtained a medical consultant who could testify at trial. Longjaw did not follow up on this work by standby counsel, instead disdaining contact and representing himself. Based upon this record, the District Court concluded that Longjaw failed to demonstrate that counsel's representation fell below a reasonable standard of professional competence and failed to demonstrate that his defense was prejudiced because he failed to show that the medical evidence he sought actually existed.

¶6 Upon review, we agree with the District Court's analysis of the record and its application of the law to the facts. Longjaw failed to establish that he was subjected to ineffective assistance of counsel.

¶7 Finally, we note that on appeal, while Longjaw argues ineffective assistance of counsel on the issue of the medical expert, he does so in the context of assertions that his

attorneys were ineffective because of conflicts of interest.  The conflict of interest issue was decided against Longjaw on direct appeal and we will not consider it again.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, this case presents a question controlled by settled law or by the clear application of applicable standards of review.  The District Court's interpretation and application of the law to the fact were correct.

¶9     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ LAURIE McKINNON