FILED

05/18/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0220

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0220

FILED

MAY 18 2021

Bowen Gre········d
Clerk of Supr···· ···· ····ourt
State of Montana

CLIFFORD BIRD, SR.,

Petitioner,

v.

JIM SALMONSEN, Warden,
MONTANA STATE PRISON,

Respondent.

ORDER

Clifford Bird, Sr., has filed a Petition for Writ of Habeas Corpus and a Motion to Vacate Sentences. Bird argues that a conflict of interest exists because his defense counsel with his first criminal case became the prosecuting attorney in his second case.

Available electronic records indicate that on November 10, 2009, Bird received a six-year suspended sentence to Montana State Prison (MSP) for issuing bad checks by common scheme. The Seventh Judicial District Court, Dawson County, also ordered him to attend and complete its Drug Treatment Court. In May 2010, the Drug Treatment Court terminated Bird because of failure to appear, non-compliance, and failure to complete his programming, including his recommended in-house treatment at a treatment center in North Dakota. On September 21, 2010, the District Court sentenced Bird upon revocation to a six-year MSP sentence. Bird did not appeal.

After sentencing, Bird remained in the Dawson County Correctional Facility. The State charged Bird with six offenses in February 2011, and in August 2011, the State amended the charges to three felonies, alleging criminal distribution of dangerous drugs with intent to distribute by accountability; transferring an illegal article by accountability; and transferring an illegal article by accountability, while he was incarcerated. On November 16, 2011, the District Court held a sentencing hearing, accepted Bird's guilty pleas, and sentenced Bird to concurrent, unsuspended MSP terms of seven years,

three years, and thirteen months, respectively. This sentence was to run consecutively to his six-year MSP sentence upon revocation. Bird did not appeal his convictions or sentence.

Bird now raises issues of a conflict of interest and ineffective assistance of counsel. He explains that in 2009, his defense counsel for his first criminal case became the "Head Prosecuting Attorney for Dawson County" in January 2010. He states that a conflict exists because this attorney "First represent[ed] [him] then Prosecut[ed] [him]." He further states that his subsequent defense counsel did not object. Bird offers that he never touched or transferred the marijuana or tobacco in the County jail. Bird contends that this miscarriage of justice and these constitutional wrongs should be corrected.

Bird brings his claims through the wrong remedy. Any challenge, such as a conflict of interest regarding attorney representation, should have been brought in an appeal where the complete record is available. *See State v. Deschon*, 2002 MT 16, ¶ 18, 308 Mont. 175, 40 P.3d 391 ("Such conflict must be proved through a factual showing on the record.") (citation omitted). As Bird acknowledges, his defense counsel did not object at the time during his second criminal case. We point out that Bird has then waived such challenge. Bird cannot demonstrate an actual conflict as necessitated by Montana case law. *Deschon*, ¶ 18; *Thurston v. State*, 2004 MT 142, ¶¶ 17-18, 321 Mont. 411, 91 P.3d 1259. Bird also waived any claim concerning the 2011 felony charges. We further point out that the Deputy County Attorney, not the County Attorney, prosecuted Bird's second criminal case in Dawson County.

Bird's claims are brought too late for this Court to consider. Habeas corpus is not the remedy to correct constitutional anomalies, given that Bird pleaded guilty to the offenses more than a decade ago, thereby waiving any constitutional claims. *Gates v. Missoula Co. Comm'rs*, 235 Mont. 261, 262, 766 P.2d 884, 884-85 (1988) and *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804. He is not entitled to be released from state custody. Bird is barred from raising such challenges in his petition for

habeas corpus relief because he has exhausted the remedy of appeal. Section 46-22-101(2), MCA. Bird has not demonstrated illegal incarceration.

IT IS ORDERED that Bird's Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that Bird's Motion to Vacate Sentences is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Clifford Bird Sr. personally.

DATED this 18 day of May, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3