No. 04-182

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 277

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

MARTIN MORRIS REDFERN,

        Defendant  and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 01–091 (B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Glen Neier, Attorney at Law, Kalispell, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

            Ed Corrigan, Flathead County Attorney; Timothy Wenz,
Deputy County Attorney, Kalispell, Montana

Submitted on Briefs:  August 24, 2004

Decided:  October 5, 2004

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Martin Morris Redfern pled guilty to production or manufacture of dangerous drugs and possession of dangerous drugs, and the Eleventh Judicial District Court, Flathead County, sentenced him to a term of imprisonment. Redfern later petitioned for postconviction relief. The District Court granted his petition, ordered that he be resentenced, and resentenced him. Redfern appeals from the sentence imposed on resentencing. We affirm.

¶2     The issue is whether the District Court violated Redfern's constitutional right to due process by resentencing him to a greater period of potential imprisonment and supervision than he received in the original sentence.

BACKGROUND

¶3     On March 27, 2001, the State of Montana charged Redfern by Information with four felonies, including criminal production or manufacture of dangerous drugs (criminal production) and criminal possession of dangerous drugs (criminal possession). Redfern agreed to plead guilty to criminal production and criminal possession and, in exchange, the State agreed to dismiss the other two charges. The parties further agreed the State would recommend a 10-year prison commitment for criminal production and a 5-year commitment for criminal possession, to run consecutively and with 5 years suspended, for a total commitment of 15 years with 5 suspended. Redfern reserved the right to argue for--and present evidence in support of--a lesser sentence, including that the sentences should run concurrently.

2

¶4     On November 8, 2001, the District Court, the Honorable Katherine R. Curtis presiding, sentenced Redfern to 10 years for criminal production and 5 years for criminal possession, to run concurrently, and declared him ineligible for parole until he had completed at least one-third of his 10-year sentence. The court set restitution at $356.

¶5     In 2002, Redfern moved to amend his sentence or, in the alternative, for postconviction relief. He claimed (1) ineffective assistance of counsel, (2) inconsistency between the oral and written sentences, (3) wrongful imposition of restitution, (4) error in restricting his eligibility for parole, and (5) improper parole and probation restrictions.

¶6     The District Court, Judge Curtis presiding, granted the petition for postconviction relief, vacating the prior sentence and ordering Redfern resentenced. In doing so, the court reasoned that some of the issues Redfern raised in his petition might have been raised on direct appeal but were not, due to ineffective assistance of counsel, and resentencing would cure any errors because Redfern could raise those arguments at his resentencing hearing or on direct appeal after he was resentenced.

¶7     At the resentencing hearing, Judge Curtis presiding, the District Court orally adopted the State's sentencing recommendations. It ordered Redfern committed to the Department of Corrections (DOC) for 10 years for criminal production, with 5 years suspended. For criminal possession, the court committed Redfern to the DOC for a consecutive 5-year term. The court did not reimpose the restriction on Redfern's parole eligibility, but reinstated the previously-imposed conditions for probation and parole and recommended him for placement in the Connections Corrections program and pre-release. Written sentence and judgment

3

were subsequently entered by the District Court, the Honorable Stewart E. Stadler presiding. The parties do not dispute that the written judgment conforms in all respects to Judge Curtis' oral pronouncement. Redfern appeals.

## STANDARD OF REVIEW

¶8 We review a district court's imposition of a criminal sentence for legality only. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. An issue regarding whether the district court violated the defendant's constitutional rights at sentencing is a matter of law which we review *de novo*. *State v. Mason*, 2003 MT 371, ¶ 19, 319 Mont. 117, ¶ 19, 82 P.3d 903, ¶ 19 (citations omitted).

## DISCUSSION

¶9 Did the District Court violate Redfern's constitutional right to due process by resentencing him to a greater period of potential imprisonment and supervision than he received in his original sentence?

¶10 Redfern points out he was originally sentenced to a total of 10 years in prison, but the potential period of confinement under his new sentence, including the suspended portion of the sentence, is a total of 15 years. Relying on *State v. Forsyth* (1988), 233 Mont. 389, 422, 761 P.2d 363, 384, he states due process forbids retaliatory motivation by a sentencing judge on resentencing after a defendant has successfully challenged a decision pursuant to his constitutional rights. He also points out that due process imposes a presumption of vindictiveness when a sentence is increased after retrial on remand. *See State v. Hubbel*, 2001 MT 31, ¶ 26, 304 Mont. 184, ¶ 26, 20 P.3d 111, ¶ 26 (citation omitted).

4

¶11 The State does not dispute that Redfern received a longer sentence on resentencing. It argues, however, that the sentence on resentencing is entirely legal, in that it is within the statutory sentencing parameters for the offenses to which Redfern pled guilty and reflects the sentence originally recommended by the State under the plea agreement.

¶12 The State also argues the sentence on resentencing meets the requirements reflected in *Forsyth* and *Hubbel*. Both *Forsyth* and *Hubbel* are grounded on *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, *overruled in part by Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. In *Pearce,* the United States Supreme Court held that neither double jeopardy nor equal protection bars imposition of a more severe sentence upon resentencing after an original conviction has been set aside, but due process would be denied if a heavier sentence were imposed to punish a defendant for successfully having an original conviction set aside. *Pearce*, 395 U.S. at 722-24, 89 S.Ct. at 2079-80, 23 L.Ed.2d at 667-69. The Supreme Court further held that, in order to meet due process requirements and allow full appellate review of the constitutional legitimacy of the sentence, a longer sentence on resentencing after a new trial must be based upon objective information concerning identifiable conduct of the defendant after the original sentencing, and the reasons for the longer sentence must affirmatively appear on the record. *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. Both requirements are met here.

¶13 The District Court's original sentence included a restriction on Redfern's eligibility for parole, imposed for the express purpose of allowing him time to complete chemical dependency treatment before he was released from prison. At the resentencing hearing, the

court stated it did not intend to reimpose the parole restriction, which was one basis for Redfern's petition for postconviction relief. The court noted that if it imposed concurrent sentences without a parole restriction, as Redfern requested, Redfern would be eligible for release on parole immediately. Redfern then stated he was hoping to be sent to Connections Corrections, an inpatient chemical dependency treatment program which he had not yet completed. The court responded it could recommend Redfern for Connections Corrections only if it committed him to the DOC.

¶14 The court then sentenced Redfern to serve the sentences for the two offenses to which he had pled guilty consecutively rather than concurrently, and committed him to the DOC with the recommendation that he be sent to Connections Corrections. The court noted this sentence achieves the purpose--which the court had described as mandatory at the first sentencing--of allowing Redfern enough time to complete chemical dependency treatment before his release to the community. The record concerning Redfern's request to be sent to the Connections Corrections and the court's reasoning for its resentencing and recommendation satisfies the *Pearce* requirements.

¶15 Redfern also contends our opinion in *State v. Ringewold*, 2001 MT 185, 306 Mont. 229, 32 P.3d 729, prohibits resentencings which increase the sentence imposed in the original sentence without an intervening cause. *Ringewold* does not control.

¶16 In *Ringewold*, the defendant had been committed to the Montana State Hospital at Warm Springs as part of a criminal proceeding. He appealed from an amended judgment entered approximately four years later, in which the court added several pre-parole eligibility

6

treatment conditions to the original sentence. We remanded for supplementation of the record as to the additional treatment conditions imposed by the court which were not contained in the original judgment. *Ringewold*, ¶ 23. Thus, *Ringewold* involved an order amending an earlier judgment, not a vacated sentence and resentencing. Our reason for remanding in that case was that additional pre-parole conditions had been added to the original sentence. Neither is true here.

¶17   Finally, Redfern cites, apparently for comparative purposes, statutes and cases on resentencing upon revocation of a suspended or deferred sentence which limit the sentence imposed on revocation to a sentence no longer than the original sentence. Those statutes and cases do not apply in the present case because this resentencing occurred after the prior sentence was vacated, not revoked. Unlike a revocation proceeding, the resentencing here was a completely new dispositional hearing.

¶18   We hold that the District Court satisfied due process requirements when it resentenced Redfern to a greater period of potential imprisonment and supervision than it imposed in his original sentence.

¶19   We note the anomaly presented in this case that the oral pronouncement of sentence was done by one district judge and the written sentence and judgment was signed by another judge. This practice is apparently within the parameters of the Eleventh Judicial District Court's local rules. However, the practice could cause problems in future cases, especially when--as here--a judge who was not present at the sentencing hearing includes language such as "DONE IN OPEN COURT . . . " in the written sentence and judgment. We encourage

7

Judge Curtis to enter a *nunc pro tunc* sentence and judgment in this case and, in addition, we encourage other district court judges to avoid the practice used here.

¶20    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART