No. 04-630

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 280

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

BARRY ALONZO HEATH,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC-01-068,
The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Helena, Montana

      For Respondent:

          Hon. Mike McGrath, Attorney General; John Paulson,
Assistant Attorney General, Helena, Montana

          Brant Light, Cascade County Attorney; John Parker, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  July 26, 2005

Decided:  November 8, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Barry Alonzo Heath (Heath) appeals from the District Court's order sentencing Heath to 25 years with 15 years suspended to the Montana State Prison (MSP) following our remand for resentencing in *State v. Heath*, 2004 MT 58, 320 Mont. 211, 89 P.3d 947 (*Heath I*). We affirm.

¶2 The restated issue on appeal is whether the District Court violated Heath's due process rights when it changed his sentence from a Department of Corrections (DOC) commitment to term at the MSP following his successful appeal in *Heath I*.

BACKGROUND

¶3 Following a jury trial, the Eighth Judicial District, the Honorable Judge Thomas M. McKittrick presiding, sentenced Heath to 25 years with 5 years suspended to the DOC for sexual intercourse without consent. The District Court also imposed a consecutive 5-year with 3 years suspended sentence for a related tampering with a witness conviction. Heath appealed the sexual intercourse without consent sentence. We reversed Heath's sentence because it violated § 46-18-201(3)(c)-(d), MCA, which requires the district court to suspend "all but the first 5 years of the commitment to the department of corrections." Heath argued then that to remedy the statutory violation we should strike the illegal portion of the sentence, so his DOC commitment would be 25 years, with 20 years suspended. We disagreed, and instead remanded for resentencing. *Heath I*, ¶¶ 48, 53.

¶4 At resentencing, Judge McKittrick imposed a 25-year sentence with 15 years suspended to the MSP for the sexual intercourse without consent conviction. The judge left the term of 5 years with 3 years suspended for the tampering with a witness sentence

unchanged, but ordered it to run concurrently with the rape conviction. Heath now appeals the District Court's remanded sentence.

STANDARD OF REVIEW

¶5	This Court reviews a criminal sentence for legality only. *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, ¶ 15, 983 P.2d 937, ¶ 15. We review whether the District Court violated a defendant's constitutional right to due process at sentencing *de novo*. *State v. Redfern,* 2004 MT 277, ¶ 8, 323 Mont. 225, ¶ 8, 99 P.3d 223, ¶ 8.

DISCUSSION

¶6	Heath contends that his present sentence is illegal because this Court should have stricken the illegal portion of his initial sentence in *Heath I*. He alleges further that the District Court violated his due process rights when it imposed a more severe sentence on remand because it did not comply with the requirements of *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 *overruled in part and on other grounds, Alabama v. Smith* (1989), 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865. We disagree.

¶7	Heath first asserts that this Court erred when it failed to strike the illegal portion of his initial sentence, but instead chose to remand for resentencing. In *Heath I,* this Court had the opportunity to strike the illegal portion of the initial sentence but declined to do so. Relying on our prior decisions, we remanded for resentencing because the challenged sentence "affect[ed] the entire sentence" and we were unable to discern what the District Court would have done if it had properly applied the law. *Heath I*, ¶¶ 51, 53. Heath now espouses the identical argument and essentially asks us to revisit our decision in *Heath I*. We were unpersuaded by Heath's argument then, and res judicata prevents us from

3

considering an issue that we have resolved previously. *State v. Black* (1990), 245 Mont. 39, 44, 798 P.2d 530, 533.

¶8      Heath also claims that the District Court violated his due process rights when it changed his custody placement from the DOC to the MSP, because the new sentence is more severe. He contends a harsher sentence following an appeal mandates the district court comply with the requirements of *Pearce,* and asserts that the District Court failed to do so in the present case.

¶9      *Pearce* requires that the reasons the court imposed "a more severe sentence" upon a defendant after a new trial[1] appear in the record and be based on "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce*, 395 U.S. at 726, 89 S.Ct. at 2081, 23 L.Ed.2d at 670. The threshold question then, is whether the District Court imposed a more severe sentence following remand.

¶10     Heath claims that the District Court's sentence on remand was more onerous than his initial sentence because the court ordered Heath to serve at the MSP instead of at the DOC as initially sentenced. On remand, Judge McKittrick ordered 25 years with 15 years suspended at the MSP instead of 25 years with 5 years suspended at the DOC. Relying on our recent decision in *State v. Tracy*, Heath contends a commitment to the MSP is stricter than a DOC commitment. *See State v. Tracy*, 2005 MT 128, ¶ 20, 327 Mont. 220, ¶ 20, 113 P.3d 297, ¶ 20 (referring to a sentence to the MSP as "impos[ing] an additional, more

---

[1] Although the present situation does not involve a new sentence following retrial as in *Pearce*, this Court recently adopted the same analysis when examining resentencing on remand. *See Redfern,* ¶¶ 12-14.

4

burdensome, condition" than a sentence for the same term to the DOC). Heath states:

> [b]eyond the obvious difference between a twenty-five year sentence with twenty years suspended and a twenty-five year sentence with fifteen years suspended, the lack of flexibility in the court's imposition of a prison term is what makes the change from the DOC commitment more punitive.

¶11 While we agree that a DOC commitment is more flexible than an MSP commitment, Heath's allegations of punitive sentencing omit the fact that on remand the District Court ordered Heath's sentence for sexual intercourse without consent to run concurrently with the tampering with a witness charge. In fact, Heath's entire brief does not mention this significant change to his sentence that resulted in reducing his overall sentence by 12 years. Thus, despite the more flexible nature of a DOC commitment, Heath cannot seriously argue he received a harsher sentence on remand. We conclude that the sentence the District Court imposed on remand is not more severe than Heath's initial sentence. Consequently, the *Pearce* requirements do not apply. The sentence is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ BRIAN MORRIS

5