No. DA 06-0168

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 186

_____

STATE OF MONTANA,

           Plaintiff and Respondent,

    v.

GERALD DEAN JACKSON,

           Defendant and Appellant.

_____

APPEAL FROM:    District Court of the Ninth Judicial District,
                      In and for the County of Toole, Cause No. DC 02-030,
                      The Honorable Marc G. Buyske, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

                Robert G. Olson, Frisbee, Moore & Olson, Cut Bank, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Pamela P. Collins, Assistant
                Attorney General, Helena, Montana

                Merle Raph, County Attorney, Shelby, Montana

_____

                              Submitted on Briefs:  June 26, 2007

                                    Decided:  August 6, 2007

Filed:

_____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Gerald Dean Jackson (Jackson) appeals the order of the Ninth Judicial District Court, Toole County, sentencing him to six years in Montana State Prison. We reverse and remand for re-sentencing.

## PROCEDURAL AND FACTUAL BACKGROUND

¶2      The State charged Jackson with seven counts of felony sexual intercourse without consent in violation of § 45-5-503, MCA. Jackson entered into a plea agreement with the State under which Jackson pled guilty to one count of sexual intercourse without consent and the State dismissed the remaining charges. The court accepted the plea agreement and sentenced Jackson to a six-year commitment to the Department of Corrections (DOC). The court also designated Jackson a Level I sex offender and required him to complete phases I and II of the sex offender treatment program at the Montana State Prison before becoming eligible for parole.

¶3      Jackson filed a motion for re-sentencing more than two years after the court issued judgment in his case. Jackson alleged that his six-year commitment to the DOC violated § 46-18-201(3)(d)(i), MCA. This statute requires "all but the first 5 years of the commitment to the department of corrections must be suspended." The court initially dismissed Jackson's motion without prejudice based on the fact that § 46-21-102(1), MCA, and M. R. App. P. 5(b) imposed a time bar on Jackson's efforts to pursue post conviction relief or direct appeal.

¶4      Jackson resurrected his argument in a petition for writ of habeas corpus. The State conceded that Jackson had received an illegal sentence in regard to his six-year DOC

2

commitment, but argued that re-sentencing Jackson rather than striking the illegal portion of Jackson's sentence constituted the proper remedy. The court vacated Jackson's illegal sentence and re-sentenced Jackson to six years at Montana State Prison (MSP) with credit for time served. The court imposed the condition that Jackson complete phases I and II of the sex offender treatment program before becoming eligible for parole. The court concluded that changing Jackson's sentence from a six-year DOC commitment to a six-year MSP sentence did not constitute a more onerous sentence. Jackson appeals.

## STANDARD OF REVIEW

¶5      We review a criminal sentence for legality only. We review *de novo* whether the district court violated the defendant's constitutional right to due process at sentencing. *State v. Heath*, 2005 MT 280, ¶ 5, 329 Mont. 226, ¶ 5, 123 P.3d 228, ¶ 5.

## DISCUSSION

¶6      *Whether the District Court violated Jackson's right to due process by changing his sentence from a six-year DOC commitment to six years incarceration in MSP.*

¶7      Jackson argues that the court violated his constitutional due process rights under *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969), *overruled in part by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201 (1989), by imposing a more burdensome sentence than his original commitment to DOC. Jackson asserts that *Pearce* precludes the court from imposing a heavier sentence on him as punishment for setting aside his original sentence. Jackson cites *State v. Tracy*, 2005 MT 128, 327 Mont. 220, 113 P.3d 297, in support of his contention that a term of imprisonment constitutes a more

3

onerous sentence than an equal term of commitment to the DOC. Jackson argues that the illegal portion of his original sentence should be stricken.

¶8 Before we address the merits of Jackson's claim, we first must resolve two procedural issues raised by the State. The State first argues that the District Court improperly considered Jackson's challenge to his illegal sentence as a petition for writ for habeas corpus. The State asserts that Jackson cannot use habeas corpus proceedings to "collaterally attack" his sentence. The State argues that Jackson's only remedy lies with a direct appeal or a post conviction relief petition, both options that Jackson remains time-barred from pursuing. The State contends that this Court lacks jurisdiction to consider Jackson's appeal based on Jackson's allegedly improper petition for writ of habeas corpus.

¶9 Article II, Section 19 of the Montana Constitution guarantees that the "privilege of the writ of habeas corpus shall never be suspended." Any person imprisoned in Montana may "prosecute a writ of habeas corpus to inquire into the cause of imprisonment or restraint and, if illegal, to be delivered from the imprisonment or restraint." Section 46-22-101(1), MCA. The writ of habeas corpus may not be used, however, to "attack the validity of the conviction or sentence of a person who has been adjudged guilty of an offense in a court of record and has exhausted the remedy of appeal." Section 46-22-101(2), MCA.

¶10 The restriction on habeas corpus contained in § 46-22-101(2), MCA, stands in tension with the constitutional provision in Article II, Section 19 of the Montana Constitution, that "the writ of habeas corpus shall never be suspended." We determined

4

in *Lott v. State*, 2006 MT 279, ¶ 22, 334 Mont. 270, ¶ 22, 150 P.3d 337, ¶ 22, that the procedural bar created by § 46-22-101(2), MCA, unconstitutionally suspended the writ of habeas corpus. We further concluded that the incarceration of a person under a facially invalid sentence—including a sentence that exceeded the statutory maximum for the crime charged—presented a "grievous wrong" that the court could address through a petition for writ of habeas corpus. *Lott*, ¶ 22.

¶11 Jackson alleged, and the State readily conceded, that Jackson's six-year commitment to DOC exceeded the statutory parameters of § 46-18-201(3)(d)(i), MCA. The State argued that re-sentencing Jackson represented the proper remedy. The writ of habeas corpus constitutes the proper remedy for addressing Jackson's "grievous wrong." *Lott*, ¶ 22. The court re-sentenced Jackson on January 12, 2006, to a six-year term of imprisonment in MSP. Jackson filed a timely appeal of his second sentence under M. R. App. P. 5(b). We conclude that Jackson's appeal is properly before the Court.

¶12 The State next argues that Jackson waived his right to challenge his original sentence under *State v. Micklon*, 2003 MT 45, ¶ 10, 314 Mont. 291, ¶ 10, 65 P.3d 559, ¶ 10, wherein we determined that a defendant waived his right to appeal a condition of his sentence when the defendant invited and actively acquiesced to the sentencing condition. The State contends that Jackson actively acquiesced to his illegal sentence by agreeing to the sentence in a plea agreement with the State and, therefore, waived his right to challenge the sentence. The State argues that the court improperly allowed Jackson to pursue his challenge of the illegal sentence.

¶13    The State misplaces its reliance on *Micklon* in light of the fact that the State did not object to Jackson's challenge at the time that he filed his petition for writ of habeas corpus in the sentencing court.  The State admitted to the sentencing court that Jackson had received an illegal sentence and that the proper "remedy is to re-sentence the defendant."  Judicial estoppel binds the State to its judicial admissions and prevents the State from taking a position "inconsistent with previously made declarations in a subsequent action or proceeding."  *Kauffman-Harmon v. Kauffman,* 2001 MT 238, ¶ 15, 307 Mont. 45, ¶ 15, 36 P.3d 408, ¶ 15.  The State cannot argue now that the District Court improperly ordered Jackson to be re-sentenced when it sought re-sentencing as the initial remedy to Jackson's illegal sentence.  *Kauffman-Harmon*, ¶ 15.

¶14    We turn then to the merits of Jackson's appeal: whether the District Court violated Jackson's right to due process by changing his sentence from a six-year DOC commitment to six years incarceration in MSP.  Due process requires a court to base a more burdensome re-sentence on "objective information concerning identifiable conduct of the defendant after the original sentencing and the reasons for the longer sentence must affirmatively appear on the record."  *State v. Redfern*, 2004 MT 277, ¶ 12, 323 Mont. 225, ¶ 12, 99 P.3d 223, ¶ 12.  A court denies a defendant's due process rights by imposing a heavier sentence on the defendant as punishment for setting aside his original sentence. *Redfern*, ¶ 12 (citing *Pearce*, 395 U.S. at 722-24, 89 S. Ct. at 2079-80).

¶15    A sentence to MSP constitutes a more burdensome sentence than a commitment of the same term to the DOC as a sentence to MSP necessarily requires incarceration in a detention facility.  *Tracy*, ¶¶ 18-20.  A change in sentence from a DOC commitment to a

6

term of imprisonment at MSP, however, does not always constitute a more onerous sentence. We determined in *Heath* that a shift in sentence from a DOC commitment to a term of imprisonment at MSP is not more burdensome where the change reduced the overall amount of time served under the sentence by twelve years. *Heath*, ¶ 11.

¶16    Jackson's re-sentence from a six-year DOC commitment to a six-year term of imprisonment at MSP constitutes a more burdensome sentence under *Tracy* and *Heath*. The sentence to MSP affords Jackson less flexibility than his original commitment to the DOC. *Tracy*, ¶ 18. The change in Jackson's sentence from the DOC commitment to a term of imprisonment also did not reduce the overall amount of time of Jackson's sentence. *Heath*, ¶ 11. The court could have imposed this heavier sentence on Jackson if it had complied with the *Pearce* requirements as stated in *Redfern*, ¶ 12. Nothing in the record indicates, however, that the court based Jackson's more burdensome sentence on "objective information concerning identifiable conduct of the defendant after the original sentencing." *Redfern*, ¶ 12. Moreover, the record is devoid of the court's reasons for imposing the weightier sentence. *Redfern*, ¶ 12. We conclude that the court violated Jackson's due process rights.

¶17    We reverse Jackson's sentence and remand to the District Court for re-sentencing in compliance with § 46-18-201(3)(d)(i), MCA, requiring that "all but the first 5 years of the commitment to the department of corrections must be suspended."


                                                    /S/ BRIAN MORRIS


7

We Concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER

Justice Jim Rice dissents.

¶18   As the Court explains in ¶ 15, a change in sentence from a DOC commitment to a term of imprisonment at MSP does not automatically constitute a more onerous sentence. Rather, as we did in *Heath*, the Court reviews the challenged new sentence in light of the circumstances of its imposition to determine whether it is more onerous. *See Heath*, ¶ 11.

¶19   Here, Jackson was originally "committed to the Department of Corrections for six (6) years," and, in light of his offense, was ordered to be ineligible for parole until he had "successfully complete[d] the Sexual Offender Program phases I and II at the Montana State Prison (or regional prison)." The sentence imposed additional parole conditions as well. Pursuant to this original sentence, Jackson was committed to prison by the DOC. He was serving that prison sentence, had completed Phase I and was in the process of completing Phase II of the Sexual Offender Program when he initiated this litigation to challenge his sentence, leading to his resentencing. The District Court then sentenced Jackson to six years in MSP, with credit for time served, and imposed the same conditions as the original sentence, including that he complete Phases I and II of the

8

Sexual Offender Program before he would become eligible for parole, and would be subject to the same list of other parole conditions as ordered under the original sentence.

¶20 Under these circumstances, Jackson's new sentence was not more onerous. His original sentence, though a DOC commitment, contained provisions making it as onerous as his second sentence. Though not a direct commitment to MSP, his original sentence required imprisonment by virtue of its conditions, making Jackson ineligible for parole until he had completed Phases I and II of the Sexual Offender Program within prison. Upon resentencing, the District Court simply re-imposed the sentencing outcome of Jackson's first sentence, placing him at MSP with credit for time already served there, and again requiring that he complete the offender program before becoming eligible for release. As a practical matter, the new sentence was not less flexible than the original.

¶21 Thus, given these circumstances, I would affirm the District Court's resentencing order.

/S/JIM RICE

Chief Justice Karla M. Gray and Justice W. William Leaphart join the dissenting opinion of Justice Rice.

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART