DA 08-0231

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 34N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

WILLIAM J. SKIDMORE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                      In and For the County of Hill, Cause No. DC-06-060
                      Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Jim Wheelis, Chief Appellate Defender; Joslyn Hunt, Assistant
                Appellate Defender Helena, Montana

        For Appellee:

                Hon. Steve Bullock, Montana Attorney General; Tammy K. Plubell,
                Assistant Attorney General, Helena, Montana

                Cyndee L. Peterson, Hill County Attorney, Havre, Montana

                                Submitted on Briefs: January 22, 2009

                                      Decided: February 10, 2009

Filed:

             _____
                        Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    After William J. Skidmore (Skidmore) violated conditions of a ten-year suspended sentence to the Montana State Prison (MSP), the Twelfth Judicial District Court, Hill County, revoked the suspended sentence and sentenced Skidmore to the Department of Corrections (DOC) for ten years.  Skidmore appealed to this Court, noting that § 46-18-201(3)(d)(i), MCA, requires that "all but the first 5 years of the commitment to the department of corrections must be suspended . . . ."  We remanded for resentencing in accord with the statute, whereupon the District Court sentenced Skidmore to MSP for ten years, giving him credit for over 400 days served.  Skidmore now appeals the legality of the prison sentence, arguing that the District Court imposed a more burdensome sentence without new "identifiable conduct" after the original sentence.  *See State v. Redfern*, 2004 MT 277, ¶ 12, 323 Mont. 225, 99 P.3d 223.  We affirm.

¶3    The District Court originally imposed a legal sentence of ten years to MSP, suspended.  After the State proved that Skidmore violated several conditions of the suspended sentence, the District Court had authority to revoke the suspended sentence and

sentence Skidmore to MSP for up to ten years. *See* § 46-18-203(7)(a)(iii), MCA. Instead, at Skidmore's request, the District Court sentenced Skidmore to DOC for ten years. However, the District Court did not have authority to impose a ten-year sentence to DOC due to § 46-18-201(3)(d)(i), MCA. On remand the District Court had authority to impose the original legal sentence to MSP for ten years. We disagree with Skidmore's contention that the original sentence was the ten-year DOC sentence imposed after revocation of the ten-year MSP suspended sentence. Unlike *State v. Jackson*, 2007 MT 186, 338 Mont. 344, 165 P.3d 321, in which the court originally sentenced Jackson to DOC for six years, here the original sentence to MSP for ten years does not implicate § 46-18-201(3)(d)(i), MCA.

¶4    The District Court fully explained its reasons for sentencing Skidmore to MSP for ten years suspended at the original sentencing hearing, and ten years to MSP after revocation and following appeal, in accord with *Redfern*, ¶ 12. The District Court identified objective information regarding Skidmore's identifiable conduct after the original sentence, particularly Skidmore's violations of his suspended sentence.

¶5    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. The issue is clearly controlled by settled Montana law.

¶6      The sentence is affirmed.


                                        /S/ MIKE McGRATH


We concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS