ORIGINAL

FILED

02/18/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0741

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## OP 24-0741

JAMES WILSON DEAN,

    Petitioner,

v.

TOM GREEN, Warden,
Dawson County Correctional Facility,

    Respondent.

ORDER

FILED

FEB 1 8 2025

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Representing himself, James Wilson Dean has filed a Petition for Writ of Habeas Corpus, requesting an additional elapsed time credit while he was on probation. The State responds, in compliance with this Court's December 30, 2024 Order, that Dean's Petition should be denied because he is not due additional credit.

We summarize Dean's criminal background as provided by the State. On April 29, 2015, Dean pleaded guilty to felony aggravated assault in exchange for the dismissal of other felonies. On November 18, 2015, the Seventh Judicial District Court, Richland County, committed Dean to the Department of Corrections (DOC) for fifteen years with all but the first five years suspended. The District Court awarded 153 days of credit for time served.

Dean's Probation Officer filed the first report of violation (ROV) on May 16, 2022. The Probation Officer reported that Dean had absconded and that the last time the Officer saw Dean was on November 17, 2021. The Officer filed an amended ROV in early June, alleging four counts of non-compliance and compliance violations. On June 16, 2022, the State filed a petition for revocation with the court. At the evidentiary hearing on August 22, 2022, Dean entered admissions to all four counts—absconding; no personal contact since November 17, 2021; failure to maintain employment; and no payment toward supervision fees.

On August 29, 2022, the District Court held a dispositional hearing.[1] The court revoked the suspended sentence for Dean and imposed a ten-year suspended term to the DOC. The court awarded three days of jail time credit. The court also awarded 1,921 days of street time credit.

On May 5, 2023, Dean's Probation Officer filed a ROV, recommending that Dean's probation be revoked. The Officer pointed out several violations, including absconding, failure to maintain employment, and failure to remain in contact with his Probation Officer. The Officer recommended no street time credit for Dean. The State filed its second Petition to Revoke on November 1, 2023. The District Court held a hearing in June 2024, and the court revoked his sentence. The court sentenced him to the Montana State Prison for a ten-year term with no time suspended. The court awarded Dean 1,921 days of street time credit and thirty-five days of jail time credit. The court gave its reasons for the sentence.

Dean contends that he is due additional elapsed time credit of 247 days from August 22, 2022 to April 28, 2023. He includes a copy of the November 26, 2024 Decision from the Sentence Review Division, affirming his sentence.

The State responds that Dean is not entitled to 247 days of additional credit. The State points out that the August 22, 2022 date is when Dean admitted to the violations in the State's first Petition to Revoke. The State adds that the April 28, 2023 date is when his Probation Officer had learned of Dean moving out of his known residence about a month prior. The State points to the District Court's reasons for imposing an unsuspended sentence upon revocation, and we include them all:

1. The [c]ourt considered the history of suspended sentences given in this case. The Defendant failed to stay in contact with Probation and Parole after the original sentence was imposed, and after the sentence was imposed for the first revocation. As a result, there is no record of the things the Defendant said he did, such as being employed. The Defendant had multiple opportunities for suspended sentences and did not abide by the rules of supervision during those suspended sentences.
2. The [c]ourt considered the violent nature of the offense.

---

[1] The State and the May 5, 2023 ROV both provide that the first sentencing upon revocation was August 22, 2022, yet the sentencing or dispositional hearing occurred on August 29, 2022, as stated in the court's written judgment.

2

3. Both Petitions for Revocation involved the Defendant absconding from supervision.
4. The factors discussed in *State v. Jackson*, 2007 MT 186[,] 338 Mont. 344[,] 165 P.3d 321, have been considered by this [c]ourt. Due to the violent nature of this offense, and the Defendant'[s] repeated absconding from supervision, the [c]ourt finds that imposing a more burdensome sentence to the Montana State Prison is warranted in this matter.

The State concludes that the record supports the denial of any additional elapsed time credit. Section 46-18-203(7)(b), MCA (2021).

Upon review, we agree that Dean is not entitled to any additional elapsed time credit. Dean has not demonstrated illegal incarceration or an illegal sentence. Section 46-22-101(2), MCA. Accordingly,

IT IS ORDERED that Dean's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that this matter is CLOSED as of this Order's date.

The Clerk is directed to provide a copy of this Order to counsel of record and to James Wilson Dean personally.

DATED this _18_ day of February, 2025.

_____
Chief Justice

_____

_____

_____

_____
Justices

3