IN THE SUPREME COURT OF THE STATE OF MONTANA


No. 99-183


2001 MT 31A

_____


STATE OF MONTANA, )

)

Plaintiff and Respondent, )

)

v. ) O R D E R

)

WESLEY C. HUBBEL, )

)

Defendant and Appellant. )

_____


On March 2, 2001, Respondent herein moved, pursuant to Rule 22, M.R.App.P., that this Court modify its recent opinion in *State v. Hubbel*, 2001 MT 31, to delete paragraph 23 of the opinion because the paragraph is mere dicta, it is not necessary to the Court's holding, and it contains an incorrect statement of the law. Respondent argues that if the paragraph is not stricken, the decision may be interpreted to grant the State a new ground for appeal

in criminal cases.

The paragraph in question reads as follows:

We note that the State makes the argument that criminal endangerment and negligent endangerment are not in fact lesser included offenses of aggravated assault. This issue, however, is one that should properly have been brought on cross appeal. The issue of whether these two offenses are lesser included offenses or not, has been waived by the State by failing to cross-appeal and we decline to reach this argument.

*Hubbel*, ¶ 23. Respondent concedes that contrary to this statement, the State has no ability to challenge on appeal or to cross-appeal a district court's overruling of the State's objection to the lesser included offense instructions.

Although Appellant does not object to the merits of Respondent's motion, Appellant does object to the method with which the State is attempting to modify the opinion. Appellant argues that Rule 22, M.R.App.P., does not provide any authority for modifying an opinion in such a manner. Rather, any request to modify substantive portions of this Court's written opinions should only be considered through a Petition for Rehearing filed pursuant to Rule 34, M.R.App.P.

Appellant's objection is well taken. Nevertheless, we are not inclined to leave a concededly incorrect statement of the law in a published opinion for formality sake. Accordingly, we deem Respondent's Motion for Modification of Opinion to be a Petition for Rehearing. In addition, finding no objection from Appellant to Respondent's argument that the paragraph in question be stricken, we amend our opinion in *State v. Hubbel*, 2001 MT 31, by striking paragraph 23.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of this Court give notice of this order by mail to counsel of record, to the State Reporter Publishing Company, to WestGroup and to the State Law Librarian.

DATED this 20th day of March, 2001.

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER