No. 02-510

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 223

STATE OF MONTANA,

            Plaintiff and Respondent,

    v.

JOHN TICE HENDRICKS,

            Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                    In and for the County of Lincoln, Cause No. DC-01-066
                    The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Kristina Guest, Appellate Defender, Helena, Montana

        For Respondent:

            Hon. Mike McGrath, Attorney General; C. Mark Fowler,
            Assistant Attorney General, Helena, Montana

            Bernard G. Cassidy, Lincoln County Attorney, Libby, Montana

                         Submitted on Briefs:  May 8, 2003

                                Decided:  August 25, 2003

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1      John Tice Hendricks (Hendricks) appeals from the judgment entered by the Nineteenth Judicial District Court, Lincoln County, on a jury verdict finding him guilty of aggravated assault.  The issue raised by Hendricks is whether his counsel was ineffective for failing to raise the affirmative defense of justifiable use of force.  We conclude, however, that Hendricks' claim of ineffective assistance of counsel cannot be addressed without considering matters outside the record and, accordingly, this appeal must be dismissed.

## BACKGROUND

¶2      In the early morning hours of October 26, 2001, Hendricks became involved in an altercation with Don Scott (Scott).  During the altercation, Hendricks stabbed Scott with a kitchen knife.  The knife entered Scott's right side between his ribs and penetrated his liver and diaphragm, causing severe physical injuries.

¶3      On November 6, 2001, the State of Montana (State) charged Hendricks by information with the felony offenses of attempted deliberate homicide and aggravated assault based on the circumstances surrounding the altercation.  Hendricks pleaded not guilty to the charges and the District Court scheduled a jury trial for March 5, 2002.  Hendricks did not give the State pretrial notice of any affirmative defenses and he proceeded to trial asserting a defense of general denial.

¶4      The jury trial was held as scheduled and the jury returned a verdict acquitting Hendricks of attempted deliberate homicide and finding him guilty of aggravated assault.

2

The District Court sentenced Hendricks and entered judgment on the conviction and sentence. Hendricks appeals.

DISCUSSION

¶5　Was Hendricks' counsel ineffective for failing to raise the affirmative defense of justifiable use of force?

¶6　In determining whether a defendant received effective assistance of counsel at trial, we apply the two-pronged test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. See, e.g., State v. Rogers, 2001 MT 165, ¶ 8, 306 Mont. 130, ¶ 8, 32 P.3d 724, ¶ 8; State v. Harris, 2001 MT 231, ¶ 18, 306 Mont. 525, ¶ 18, 36 P.3d 372, ¶ 18. Pursuant to this test, a defendant bears the burden of establishing that his counsel's performance fell short of the range of competence required of attorneys in criminal cases and that his counsel's deficient performance was prejudicial to his case. Rogers, ¶ 8; Harris, ¶¶ 18-19. Hendricks contends that his trial counsel's performance was deficient for failing to give notice of, and offer a jury instruction on, a justifiable use of force defense when evidence presented at trial supported such a defense. He further contends that his counsel's deficient performance prejudiced him because he was denied a defense which potentially was meritorious.

¶7　As stated above, the first prong of the Strickland test requires Hendricks to establish that his trial counsel's performance fell short of the range of competence required of attorneys in criminal cases. In order to constitute ineffective assistance, counsel's conduct must flow from ignorance or neglect rather than from strategic decisions and trial tactics. Rogers, ¶ 9. Moreover, there is a strong presumption that counsel's performance was based

3

on sound trial strategy and falls within a wide range of reasonable professional conduct. Harris, ¶ 18; State v. Hubbel, 2001 MT 31, ¶ 15, 304 Mont. 184, ¶ 15, 20 P.3d 111, ¶ 15.

¶8    Here, in a disclosure statement filed by the parties prior to the omnibus hearing, Hendricks' counsel specifically noted that he would not be asserting a justifiable use of force defense.  Moreover, on the morning of trial, counsel stated to the District Court that he was not offering jury instructions on a justifiable use of force defense.  Thus, Hendricks' counsel's decision to forego such a defense was made consciously and was not the result of ignorance or neglect.  Consequently, this decision is presumed to be sound trial strategy falling within the realm of reasonable professional conduct absent evidence to the contrary. Rogers, ¶ 9; Hubbel, ¶¶ 20-21.

¶9    In his appellate brief, Hendricks does not set forth any reason for his trial counsel's decision not to assert a justifiable use of force defense and the record in this case is silent as to the reasoning for counsel's strategy.  Absent evidence of record demonstrating the reasons underlying counsel's actions, we are unable to determine whether the decision not to assert a justifiable use of force defense constituted an unreasonable defense strategy overcoming the presumption that counsel's actions fall within the range of reasonable professional conduct.  Harris, ¶¶ 21-22; Hubbel, ¶¶ 20-21.

¶10    Finally, we observe that in Hubbel, we concluded Hubbel had failed to establish the first prong of the Strickland test because the record did not contain sufficient evidence on which to determine whether counsel's actions fell within the range of reasonable professional conduct.  We held, on that basis, that Hubbel had not met his burden of demonstrating that

4

his counsel was ineffective.  Hubbel, ¶¶ 21-22.  In more recent cases, however, we have held that, where the record in a direct appeal is insufficient to determine whether counsel rendered ineffective assistance, it is more appropriate for the defendant to raise the ineffective assistance claim via a postconviction relief proceeding and the direct appeal must be dismissed.  See, e.g., State v. Herrman, 2003 MT 149, ¶ 34, 316 Mont. 198, ¶ 34, 70 P.3d 738, ¶ 34; State v. Turnsplenty, 2003 MT 159, ¶¶ 18-21, 316 Mont. 275, ¶¶ 18-21, 70 P.3d 1234, ¶¶ 18-21.

¶11     In light of these conflicting lines of authority, we take this opportunity to clarify that in future cases we will utilize the procedure set forth in Herrman and Turnsplenty when the record in a direct appeal is insufficient to determine whether the defendant's counsel provided ineffective assistance.  In other words, we will dismiss the direct appeal and require the defendant to raise the ineffective assistance claim via a postconviction relief proceeding, if at all.  We will no longer use the approach set forth in Hubbel.

¶12     Accordingly, the judgment of the District Court is affirmed, and the ineffective assistance of counsel claim is dismissed without prejudice to its being raised in a postconviction relief proceeding.

/S/ KARLA M. GRAY

We concur:

/S/ JAMES C. NELSON

5

/S/ JIM REGNIER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART