No. 04-387

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 285

STATE OF MONTANA,

       Plaintiff and Respondent,

   v.

PATRICK HIRT,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli, Cause No. DC 03-80,
The Honorable James A. Haynes, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

          Keithi Worthington, Attorney at Law, Hamilton, Montana

       For Respondent:

          Hon. Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

          George Corn, Ravalli County Attorney; T. Geoffery Mahar, Chief Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  February 23, 2005

Decided:  November 15, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Patrick Hirt (Hirt) appeals from a May 11, 2004, judgment of the District Court for the Twenty-First Judicial District, Ravalli County, ordering Hirt to pay restitution and the costs of his court-appointed counsel. We reverse and remand.

¶2 We rephrase and address the following issues on appeal:

¶3 1. Did the District Court lawfully order Hirt to pay $2,500 in restitution?

¶4 2. Did the District Court lawfully order Hirt to pay the costs of his court-appointed counsel?

## BACKGROUND

¶5 On June 3, 2003, Hirt was charged by Information with sexual intercourse without consent, and felony sexual assault. He pled not guilty to both charges. The State filed an amended Information. Hirt again pled not guilty, and the District Court set trial for December 15, 2003. The morning of the trial, Hirt and the State entered into a plea agreement.

¶6 Pursuant to the agreement, the State filed a second amended Information which included only the sexual assault charge. The State also agreed to recommend no more than a ten-year sentence. The plea agreement was silent regarding restitution. In exchange, Hirt pled at first no contest to sexual assault. However, pursuant to § 46-12-204(4), MCA, which provides that the court may not accept a plea of nolo contendere in a case involving a sexual offense, Hirt agreed to change his plea to guilty.

¶7 At the sentencing hearing, the District Court considered a presentence investigation report (PSI). The PSI was silent as to restitution except for recognizing that Hirt's "ability

2

to pay restitution is hampered by his disability and limited income" and that Hirt should pay any restitution as a general condition of any community supervision.

¶8 A Department of Child and Family Services' employee who worked with the victim wrote a victim impact statement that was attached to the PSI. The letter explained generally the impact the incident had on the victim, including posttraumatic stress disorder, and the costs of therapeutic services. Hirt objected previously to the letter, *inter alia,* on the basis its author was not qualified to diagnose posttraumatic stress disorder. The record reflects the State was prepared to withdraw the letter based on Hirt's objections. The letter was not presented at the sentencing hearing. In fact, no evidence was presented regarding the victim's pecuniary loss. Nonetheless, the District Court imposed $2,500 in restitution.

¶9 The District Court recognized during the sentencing hearing that Hirt lacked at that time the financial resources to pay restitution or the costs of his court-appointed counsel, but rationalized that he may have the ability to do so in the future. The District Judge stated that he intended to reassess Hirt's financial status at a future hearing. In the final judgment, the District Court ordered Hirt to pay $9,558 for his court-appointed counsel.

¶10 Hirt now appeals from the District Court's orders to pay $2,500 in restitution and $9,558 as reimbursement for the cost of his court-appointed counsel.

## STANDARD OF REVIEW

¶11 We review a District Court's criminal sentence for legality only. *State v. Pritchett*, 2000 MT 261, ¶ 6, 302 Mont. 1, ¶ 6, 11 P.3d 539, ¶ 6. Thus, we confine our review to whether the sentence is within the parameters provided by statute. *Pritchett*, ¶ 6.

## DISCUSSION

3

**ISSUE ONE**

¶12 **Did the District Court lawfully order Hirt to pay $2,500 in restitution?**

¶13 The Montana Legislature amended the statutes applicable to restitution on October 1, 2003. Hirt's brief cites the 2001 statutes. The State's brief claims the 2003 statutes apply. Which version of the statute controls was not an issue that either party raised in the District Court. Consequently, we will not address for the first time on appeal the State's argument that this Court should apply the 2003 version. *See Saari v. Winter Sports, Inc.,* 2003 MT 31, ¶ 26, 314 Mont. 212, ¶ 26, 64 P.3d 1038, ¶ 26.

¶14 The general rule is that sentencing statutes in effect at the time of the offense control. *State v. Tracy*, 2005 MT 128, ¶ 16, 327 Mont. 220, ¶ 16, 113 P.3d 297, ¶ 16. We address Hirt's arguments under the 2001 amendments. Section 46-18-242, MCA (2001), provided that:

> (1) Whenever the court believes that a victim may have sustained a pecuniary loss or whenever the prosecuting attorney requests, the court shall order the probation officer, restitution officer, or other designated person to include in the presentence investigation and report:
> (a) documentation of the offender's financial resources and future ability to pay restitution; and
> (b) documentation of the victim's pecuniary loss, submitted by the victim or by the board of crime control if compensation for the victim's loss has been reimbursed by the state.

¶15 The statute requires the District Court to consider some documentation of the victim's pecuniary loss. District Courts are not authorized to impose a sentence of restitution until the statutory requirements are satisfied. *Pritchett*, ¶ 7.

¶16 Here, evidence of the victim's loss was not presented in the PSI or at the sentencing hearing. The District Court ordered restitution without satisfying the statutory requirements.

4

**ISSUE TWO**

¶17    Did the District Court lawfully order Hirt to pay the costs of his court-appointed counsel?

¶18    We note initially that when it ordered reimbursement of court-appointed counsel costs, the District Court planned to hold future hearings, apparently to modify its judgment relating to this item of costs after considering what the court determined Hirt's financial status to be at the time.

¶19    This Court has previously held that "[o]nce a valid sentence is imposed, a court lacks jurisdiction to modify that sentence absent specific statutory authority. Nor can a court reserve the right to change the sentence or add conditions at a later time." *State v. Rennick*, 1999 MT 155, ¶ 9, 295 Mont. 97, ¶ 9, 983 P.2d 907, ¶ 9 (citations omitted).

¶20    Although the defendant may petition the court at any time for remission of court-appointed counsel costs, no statutory authority exists for the District Court to reserve authority for itself to modify the sentence regarding reimbursement of court-appointed counsel once it has been imposed. Section 46-8-113(4), MCA. Thus, the District Court must hear the available evidence and make a determination whether Hirt will be able to pay the costs at the time of the hearing for entry of judgment. The District Court lacks the authority to revisit the matter at a later hearing. *Rennick,* ¶ 9.

¶21    A District Court may require an indigent defendant to pay the costs of court-assigned counsel as part of the sentence imposed. Section 46-8-113(1), MCA. However, in ordering such payment, the court must follow the requirements of § 46-8-113(3), MCA. *State v. Hubbel*, 2001 MT 31, ¶ 37, 304 Mont. 184, ¶ 37, 20 P.3d 111, ¶ 37 (overruled on other

5

grounds by *State v. Hendricks*, 2003 MT 223, 317 Mont. 177, 75 P.3d 1268).  Section 46-8-113(3), MCA,  provides:

> The court may not sentence a defendant to pay the costs of court-appointed counsel unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose.

¶22    We have previously concluded that a judgment under § 46-8-113, MCA, "cannot stand without a meaningful inquiry into the appellant's financial status and a subsequent finding of [sic] the record that he has sufficient resources to repay costs of legal counsel." *State v. Farrell* (1984), 207 Mont. 483, 492, 676 P.2d 168, 173.

¶23    The District Court recognized that Hirt did not have any financial resources. Nonetheless, it required a $9,558 reimbursement on the premise that Hirt may have the financial resources in the future, presumably when he is released from the Montana State Prison.  The District Judge articulated no basis for this determination.  As such, the District Court did not comply with the statutory requirements of § 46-8-113, MCA.

## CONCLUSION

¶24    The portion of the judgment ordering Hirt to pay $2,500 in restitution is reversed and remanded for reconsideration of restitution.  Likewise, that portion of the judgment ordering Hirt to pay $9,558 as the cost of his court-appointed counsel is reversed and remanded for reconsideration.

/S/ JOHN WARNER

We Concur:

6

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS