

DA 06-0497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 26

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

HOMER HOLLAND,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 05-183
Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Martin W. Judnich, Attorney at Law, Missoula, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          George Corn, Ravalli County Attorney; T. Geoff Mahar, Deputy County
Attorney, Hamilton, Montana

Submitted on Briefs:  April 11, 2007

Decided:   January 31, 2008

Filed:

_____
                      Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Homer Holland appeals from a judgment entered in the Twenty-First Judicial District, Ravalli County, deferring imposition of sentence for three years on the condition, inter alia, that he repay the amount of $2,922 as costs and related fees expended in his defense by his court-appointed counsel.

¶2     The sole issue on appeal is whether the District Court erred by requiring Holland to pay the costs of an investigator and related expenses, approved by the District Court and expended by his court-appointed counsel.

¶3     On October 31, 2005, the State charged Holland with two counts of felony criminal endangerment, in violation of § 45-5-207, MCA, and one count of driving under the influence of alcohol, in violation of § 61-8-401, MCA.  Holland was indigent and the District Court appointed counsel to defend him at the expense of the State of Montana.  His appointed counsel moved the District Court for its approval to expend State funds to investigate the case and to retain an expert witness. The District Court granted the motion and approved up to $3,000 in defense expenditures.  Defense counsel ultimately spent $2,922 on investigative and related expenses.

¶4     Ultimately, Holland pled no contest to the criminal endangerment charges and guilty to driving under the influence of alcohol.  On April 27, 2006, the District Court sentenced Holland, deferring the imposition of sentence for three years.  As a condition of the deferred sentence, the judge required Holland to repay the $2,922 expended by defense counsel,

pursuant to § 46-18-201, MCA, and § 46-8-113, MCA (2003).[1] Holland does not contest the finding of the District Court that he is able to pay. He appeals the requirement that he repay defense costs, asserting that the statutes do not authorize the District Court to impose such a condition on his deferred sentence.

¶5 We review a sentence for legality, examining only whether it is within the statutory parameters. *State v. Hirt*, 2005 MT 285, ¶ 11, 329 Mont. 267, ¶ 11, 124 P.3d 147, ¶ 11.

¶6 Section 46-18-201(3)(b), MCA, permits a sentencing judge to impose a sentence that includes "payment of costs as provided in 46-18-232 or payment of costs of court-appointed counsel as provided in 46-8-113."

¶7 Section 46-18-232, MCA, is not involved in this appeal as it only concerns costs of prosecution that a defendant may be ordered to pay. Section 46-8-113, MCA, provides in pertinent part: "[t]he court may require a convicted defendant to pay the costs of court-appointed counsel as a part of or a condition under the sentence imposed as provided in [this title]." Section 46-8-113(1), MCA.

¶8 We have held that § 46-8-113(1) includes all costs related to a criminal defense. *State v. Hubbel*, 2001 MT 31, ¶ 33, 304 Mont. 184, ¶ 33, 20 P.3d 111, ¶ 33, *overruled on other grounds*, *State v. Hendricks*, 2003 MT 223, ¶ 11, 317 Mont. 177, ¶ 11, 75 P.3d 1268, ¶ 11. As we noted in *Hubbel*, the statute contains no limitation on which defense costs a judge may require a defendant to pay. *Hubbel*, ¶ 33. The District Court had the statutory authority

---

[1] In 2005, the legislature amended § 46-8-113, MCA, but delayed the effective date until July 1, 2006. Because Holland committed the offense and was sentenced before this date, the amendment does not apply to him.

to condition Holland's deferred sentence on his repayment of approved costs the State incurred in his defense.

¶9     The District Court did not err when it required Holland to repay $2,922 as a condition of his deferred sentence.

¶10    Affirmed.

/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JIM RICE