DA 06-0749

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 107

FILED
April 1 2008
*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

      Plaintiff and Appellee,

v.

DUANE EUGENE KIRKLAND,

      Defendant and Appellant.

FILED

APR 0 1 2008

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-05-151
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Edmund F. Sheehy, Regional Deputy Public Defender,
Missoula, Montana

    For Appellee:

        Hon. Mike McGrath, Montana Attorney General; Jonathan M.
Krauss, Assistant Attorney General, Helena, Montana

        George H. Corn, Ravalli County Attorney; T. Geoffrey Mahar
Deputy County Attorney, Hamilton, Montana

Submitted on Briefs: November 21, 2007

Decided: April 1, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1    Duane Eugene Kirkland (Kirkland) appeals from the judgment entered by the Twenty-First Judicial District Court, Ravalli County, on its order revoking Kirkland's deferred imposition of sentences for his convictions on two counts of felony issuing a bad check and imposing suspended sentences. We affirm.

¶2    The issue on appeal is whether the District Court imposed an illegal sentence when it ordered Kirkland to pay the costs of his court-appointed counsel incurred during the revocation proceedings.

## BACKGROUND

¶3    In February of 2006, Kirkland pled guilty to two counts of felony issuing a bad check. At the subsequent sentencing, the District Court deferred imposition of sentence for a five-year period on each count, to run concurrently, subject to conditions. The court also ordered Kirkland to pay restitution to the victims and set forth a specific time frame in which Kirkland was to make his restitution payments.

¶4    In July of 2006, the State of Montana (State) filed an amended petition to revoke Kirkland's deferred sentences. The amended petition alleged Kirkland had violated several of the terms and conditions of his sentences, including that he had failed to pay his restitution in accordance with the court-ordered schedule. Following several hearings, the District Court revoked the deferred imposition of sentences and sentenced Kirkland to two five-year commitments to the Montana Department of Corrections, to run concurrently. The court

2

suspended the sentences upon the same conditions as were contained in the original judgment and further ordered Kirkland to pay $654 for the costs of counsel appointed to represent him in the revocation proceeding. Kirkland objected to the condition that he pay costs for counsel, asserting the condition was unconstitutional. He did not object to the condition on any other basis. The District Court included the condition that Kirkland pay costs of counsel for the revocation proceeding in its written judgment entered on November 1, 2006. Kirkland appeals.

## STANDARD OF REVIEW

¶5     Kirkland challenges only the legality of his sentence. When reviewing a criminal sentence for legality, we determine whether the sentence falls within the applicable statutory parameters. *State v. Kotwicki*, 2007 MT 17, ¶ 5, 335 Mont. 344, ¶ 5, 151 P.3d 892, ¶ 5.

## DISCUSSION

¶6     *Did the District Court impose an illegal sentence when it ordered Kirkland to pay the costs of his court-appointed counsel incurred during the revocation proceedings?*

¶7     Kirkland contends the District Court imposed an illegal sentence when it ordered him to pay costs of court-appointed counsel without making specific findings as to his financial resources and ability to pay such costs as required by § 46-8-113, MCA. He relies on *State v. Hirt*, 2005 MT 285, 329 Mont. 267, 124 P.3d 147 and *State v. Hubbel*, 2001 MT 31, 304 Mont. 184, 20 P.3d 111 (overruled on other grounds in *State v. Hendricks*, 2003 MT 223, 317 Mont. 177, 75 P.3d 1268), in support of his contention. Kirkland also argues that the District Court erred by failing to expressly order in its judgment that payment of counsel costs must

be made to the Office of the State Public Defender, as required by § 46-8-114, MCA. In response, the State raises the threshold issue of whether Kirkland is barred from raising these arguments on appeal because he failed to raise them in the District Court. Kirkland concedes he did not present these arguments to the District Court, but asserts that he still may raise them on appeal because he is challenging the legality of his sentence.

¶8 While we generally refuse to address issues or arguments on appeal which were not raised in the trial court, we have created an exception to this general rule which allows appellate review of a criminal sentence alleged to be illegal or in excess of statutory mandates, even where the defendant did not object to the sentence in the trial court. *See State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979). We recently clarified, however, that "a sentencing court's failure to abide by a statutory requirement rises to an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception." *Kotwicki*, ¶ 13.

¶9 In *Kotwicki*, the defendant argued that the trial court imposed an illegal sentence when it ordered him to pay a $25,000 fine and applied $5,303.84 in cash seized from the defendant on his arrest toward that fine, because the court failed to make specific findings as to his financial resources and ability to pay the fine as required by § 46-18-231(3), MCA. The defendant conceded he did not object to his sentence on this basis at sentencing, but relied on *Lenihan* as authority allowing him to raise the issue for the first time on appeal. *Kotwicki*, ¶ 7. In addressing whether the *Lenihan* rule applied, we observed that § 46-18-231, MCA,

4

authorized the trial court to impose a fine not exceeding $50,000 for each felony offense instead of, or in addition to, a term of imprisonment. Thus, the $25,000 fine imposed by the court fell within the parameters of the authorizing statute and was not illegal. *Kotwicki*, ¶ 16. The court's failure to consider the financial resources and ability to pay factors set forth in § 46-18-231(3), MCA, rendered the sentence "objectionable" rather than "illegal." *Kotwicki*, ¶ 21. As a result, the defendant, "although alleging an 'illegal sentence,' fails to present a colorable claim that his sentence fell outside statutory parameters as to warrant our review under the *Lenihan* rule." *Kotwicki*, ¶ 22.

¶10 Section 46-8-113(1), MCA, provides that a court may require as part of a criminal sentence that the defendant pay the costs of court-appointed counsel. Thus, the District Court's imposition of court-appointed counsel costs as a condition of Kirkland's sentence was statutorily authorized—that is, within the parameters of the statute—and, therefore, not illegal. In turn, § 46-8-113(3), MCA, provides that a

> court may not sentence a defendant to pay the costs for assigned counsel unless the defendant is or will be able to pay them. In determining the amount and method of payment of costs, the court shall take into account the financial resources of the defendant and the nature of the burden that payment of costs will impose.

The requirements of this subsection are substantially similar to the § 46-18-231(3), MCA, requirements at issue in *Kotwicki*, and we similarly conclude here that the District Court's failure to make specific findings regarding the § 46-8-113(3), MCA, factors rendered Kirkland's sentence "objectionable" rather than "illegal."

5

¶11 Kirkland contends that we previously have held in *Hirt* and *Hubbel* that a court's failure to make findings regarding a defendant's financial resources and ability to pay under § 46-8-113(3), MCA, when imposing court-appointed counsel costs renders a sentence illegal. He thus argues that, in light of our holdings in those cases, *Kotwicki* is not applicable here. Kirkland is correct that, in both *Hirt* and *Hubbel*, we reversed sentence provisions requiring the defendants to pay costs of court-appointed counsel on the basis that the respective district courts failed to comply with the § 46-8-113(3), MCA, requirements. *Hirt*, ¶¶ 23-24; *Hubbel*, ¶ 37. We observe, however, that neither *Hirt* nor *Hubbel* involved the question of whether the defendant had waived his right to appeal the issue by failing to raise it in the district court. As a result, neither case is of assistance in determining the issue presented here of whether a trial court's failure to abide by the § 46-8-113(3), MCA, requirements renders a sentence illegal for purposes of invoking the *Lenihan* rule.

¶12 Kirkland also argues that *Kotwicki* is distinguishable because the statute at issue in that case provided for a maximum fine of $50,000. *See* § 46-18-231(4), MCA. As a result, it was easily determined that the imposed fine of $25,000 fell within statutory parameters. Kirkland observes that § 46-8-113, MCA contains no similar provision for a set maximum amount of costs that can be imposed by a court, thus rendering it impossible to determine whether imposition of court-appointed counsel costs fall within statutory parameters. We observe, however, that § 46-8-113(2), MCA, provides that such costs must be limited to the amount incurred by the Office of the State Public Defender for providing the defendant with

6

counsel in the criminal proceeding. Thus, while the statute does not set a specific dollar amount cap on court-appointed counsel costs, it does contain an outer limit on the amount a defendant may be required to pay. We conclude that Kirkland's argument in this regard fails.

¶13 We further conclude that Kirkland's contention that the District Court was required to specify in its written judgment that payment of court-appointed counsel costs must be made to the Office of the State Public Defender, as required by § 46-8-114, MCA, does not present a colorable claim that his sentence is illegal. As stated above, the District Court's imposition of these costs was authorized by, and within the parameters of, § 46-8-113(1), MCA. The court's alleged failure to abide by the statutory requirements of § 46-8-114, MCA, renders imposition of the costs merely objectionable, not illegal.

¶14 We conclude that Kirkland fails to present a colorable claim that his sentence fell outside statutory parameters and warrants review under the *Lenihan* rule. Consequently, we decline to consider his arguments raised for the first time on appeal.

¶15 Affirmed.

Chief Justice

We concur:

7

_____

_____
Justices

8