DA 13-0332

## IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 226

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHELSEA MAE CHAFEE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 11-488
Honorable Robert L. Deschamps, III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jacquelyn M. Hughes, Hughes Law, P.L.L.C., Billings, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss, Assistant Attorney General, Helena, Montana

          Fred Van Valkenburg, Missoula County Attorney, Shaun Donovan, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  July 23, 2014
Decided:  August 19, 2014

Filed:

_____
Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1   Chelsea Mae Chafee appeals her conviction by a jury in the Fourth Judicial District Court, Missoula County, of accountability for arson, a felony, and accountability for theft, a felony. We reverse and remand for further proceedings consistent with this Opinion.

¶2   We restate the issues on appeal as follows:

¶3   *Was Chafee's counsel ineffective when he failed to offer a "mere presence" jury instruction and failed to object to evidence of other bad acts?*

¶4   *Is Chafee entitled to a new trial on the basis of prosecutorial misconduct?*

¶5   *Is Chafee entitled to a new trial based upon the cumulative error doctrine?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶6   On the morning of October 7, 2011, Missoula County law enforcement officers responded to a report of a burning vehicle on Pattee Canyon Drive. The owners of the vehicle called 9-1-1 after approaching their unattended vehicle, noticing it was on fire, and observing a green SUV quickly drive away. Approximately an hour later, officers stopped a vehicle occupied by Chafee and Antonio Robinson. Chafee sat in the driver's seat. Robinson and Chafee were questioned by the officers and were eventually arrested. On October 25, 2011, the State charged Chafee by information with accountability for arson, a felony, in violation of §§ 45-6-103, and -2-302, MCA, and accountability for theft, a felony, in violation of §§ 45-6-301(8) and -2-302, MCA. Robinson was charged with arson and theft. He subsequently pleaded guilty and was sentenced for those charges.

¶7   Prior to trial, the State submitted proposed jury instructions. Defense counsel offered no jury instructions. Trial commenced on January 2, 2013, and went into the next day.

2

Robinson testified that Chafee pulled over, at his request, near the victims' vehicle. According to Robinson, he then exited Chafee's vehicle and tried to gain entry to the other vehicle. Because the doors were locked, Robinson smashed a window with a rock. He spent 10-15 minutes unloading the car's contents and loading them into Chafee's vehicle. He then lit the car on fire and told Chafee to drive. Robinson testified that his actions were impulsive, and that Chafee did not participate in the crimes.

¶8 Jeffrey Russell, a witness for the State, testified that Chafee had described the crimes to him. According to Russell, Chafee stated that she and Robinson had been drinking and broke into the vehicle because "it was just something to do." Russell testified that Chafee lit the vehicle on fire with Coleman fuel or lighter fluid. Chafee's counsel suggested during cross-examination that Russell was mad at Chafee for turning him in at work for stealing food and for unauthorized use of a computer, which resulted in Russell being fired, and that he was "willing to lie here to get her thrown in jail." During the State's redirect, Russell testified that Chafee was also involved in the workplace theft. The prosecutor later referenced Chafee's alleged role in the "workplace theft" during his closing argument.

¶9 In his closing, the prosecutor asked jurors "to get in touch with yourself, with your own center, your own soul, your own heart, and ask yourself what is the truth?" After telling jurors they couldn't "get in touch with . . . the essence of what you know is right and what is true" and then acquit Chafee, defense counsel objected. The District Court overruled the objection, calling the comments "argument." The prosecutor ended by stating: "I'm asking you to look at everything and to use those attributes that the defense doesn't want you to

consider, like common sense, like what you believe is most true. And you will not be able to do that and conclude that this defendant was not involved in this case."

¶10 On January 3, 2013, the jury found Chafee guilty of both counts. The District Court sentenced Chafee to two concurrent ten-year commitments with the Department of Corrections, each with eight years suspended. Chafee timely appealed her conviction.

## STANDARDS OF REVIEW

¶11 "Only record-based ineffective assistance of counsel claims are considered on direct appeal." *State v. Ugalde*, 2013 MT 308, ¶ 28, 372 Mont. 234, 311 P.3d 772 (citations omitted). "To the extent such claims are reviewable, they present mixed questions of law and fact that we review de novo." *Ugalde*, ¶ 28 (citations and internal quotation marks omitted).

¶12 We consider closing argument statements in the context of the entire argument and review a district court's rulings on objections to closing argument content for abuse of discretion. *State v. Cooksey*, 2012 MT 226, ¶ 40, 366 Mont. 346, 286 P.3d 1174 (citations omitted). A defendant must make a timely objection to closing argument statements or the objection is deemed to be waived. *Cooksey*, ¶ 40 (citation omitted). We may, however, review such an issue under the plain error doctrine "in those situations that implicate a defendant's fundamental constitutional rights when failing to review the alleged error may result in a manifest miscarriage of justice, leave unsettled the question of the fundamental fairness of the proceedings, or compromise the integrity of the judicial process." *State v. Walton*, 2014 MT 41, ¶ 10, 374 Mont. 38, 318 P.3d 1024 (citation and internal quotation

4

marks omitted). Plain error review is discretionary, and we apply it on a case-by-case basis. *Walton*, ¶ 10 (citation omitted).

## DISCUSSION

¶13    *1.    Was Chafee's counsel ineffective when he failed to offer a "mere presence" jury instruction and failed to object to evidence of other bad acts?*

¶14    The defense theory offered by Chafee at trial was that, though she had been present when Robinson committed the crimes, she had remained in the vehicle and had not participated in any way. In other words, she was "merely present," and did not commit any crime. Defense counsel argued in his closing argument that

> there is absolutely no evidence that Chelsea did anything while Antonio Robinson was rifling through the car and putting the stuff into her car. You will not find in the instructions anything that says that a person who's sitting there, has any duty to run away, has any duty to drive away, has any duty to do anything.

He stressed that "[the law] requires that she plan or agree with Mr. Robinson to commit this offense, and that she's actually aiding him. She didn't do anything to aid him. She sat there. There's no requirement under the law that she affirmatively do anything."

¶15    Though defense counsel argued that mere presence was insufficient to establish that Chafee was involved in the crimes, he failed to offer the following standard jury instruction, approved by this Court as one of the instructions that correctly and adequately instructs the jury on the law of accountability, *State v. Kills on Top*, 243 Mont. 56, 92, 793 P.2d 1273, 1298 (1990):

> Mere presence at the scene of the crime and knowledge that a crime is being committed are not sufficient to establish that the defendant was involved in the crime. To be responsible, you must find beyond reasonable doubt that the defendant was a participant and not merely a knowing spectator.

5

¶16     On appeal, Chafee argues that her counsel's failure to offer a "mere presence" jury instruction was not based on reasonable or sound professional judgment, and that it prejudiced her right to a fair trial. The State counters that defense counsel's failure to request the instruction "was not deficient performance, because the evidence demonstrated Chafee's direct involvement and positive actions to aid, abet, promote, and facilitate Robinson's criminal acts."

¶17     A defendant's right to effective assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, and by Article II, Section 24 of the Montana Constitution.

> Before reaching the merits of an ineffective assistance of counsel claim in a direct appeal, we must first determine whether the allegations are properly before the Court on appeal or whether the claim should be raised in a petition for post-conviction relief pursuant to § 46-21-101, MCA.

*Ugalde*, ¶ 65 (citation and internal quotation marks omitted). We will not address a claim on appeal if it relates to matters outside of the record, *Ugalde*, ¶ 65 (citation omitted), unless it is unnecessary in the first instance to ask "why" counsel did or did not perform as alleged and seek an answer by reference to the record. *State v. Kougl*, 2004 MT 243, ¶¶ 14-15, 323 Mont. 6, 97 P.3d 1095 (citation omitted). For example, it is unnecessary to ask "why" counsel performed as he did when there is "no plausible justification" for defense counsel's action or inaction. *Kougl*, ¶ 15.

¶18     As noted, defense counsel argued to the jury that Chafee's mere presence at the scene was insufficient to support a conviction; however, he failed to offer the jury instruction that would have informed the jury that his argument was legally correct. The prosecutor was able

6

to capitalize on this omission by arguing in closing for a guilty verdict because "[e]ven if she never got out of the vehicle, she wasn't just sitting there. She sat there while she let Antonio Robinson use her vehicle to load up this stolen stuff." He also told the jury that when people get into a mess, the law "imposes an obligation on them to do something to undo what they had done." These arguments could have been directly refuted had defense counsel offered the omitted instruction. Under these circumstances, there was no plausible justification for the failure of defense counsel to offer the "mere presence" jury instruction.

¶19 We analyze Chafee's claim of ineffective assistance of counsel under the two-part test set forth by the U.S. Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052 (1984). *Ugalde*, ¶ 66. A defendant must prove both: "(1) that counsel's performance was deficient; and (2) that counsel's deficient performance prejudiced the defense." *Ugalde*, ¶ 66 (citation omitted). Performance falling below an objective standard of reasonableness measured under prevailing professional norms and in light of the surrounding circumstances is deficient performance. *Ugalde*, ¶ 75 (citation omitted). We "indulg[e] a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance." *Ugalde*, ¶ 75 (citation and internal quotation marks omitted). However, "the failure to offer [a] potentially beneficial instruction, when that failure is not part of counsel's trial strategy, is an error so serious that it falls outside the range of competence required of attorneys in criminal cases." *Garrett v. State*, 2005 MT 197, ¶ 24, 328 Mont. 165, 119 P.3d 55 (citation and internal quotation marks omitted).

¶20 The law is well established that "mere presence at the scene of a crime is not enough to establish accountability, [although] the accused need not take an active part in any overt

7

criminal acts to be adjudged criminally liable for the acts." *State v. Miller*, 231 Mont. 497, 511, 757 P.2d 1275, 1284 (1988) (quoting *State v. Bradford*, 210 Mont. 130, 142, 683 P.2d 924, 930 (1984)).

> Additionally, while mere presence and the failure to disapprove or oppose another's commission of an offense are insufficient to sustain an accountability charge, these factors may be considered by a jury, along with other circumstances, which may indicate whether the accused in some way aided or abetted the principal in the commission of the crime.

*State v. Spang*, 2002 MT 120, ¶ 43, 310 Mont. 52, 48 P.3d 727 (overruled in part on other grounds) (citation omitted). We are not in this case reviewing the sufficiency of evidence to sustain Chafee's conviction, but the failure of counsel to offer an instruction that would allow the jury to consider "these factors."

¶21 We conclude that defense counsel's failure to offer this "potentially beneficial instruction" constituted deficient performance under the first prong of *Strickland* because there was no tactical reason for his failure to submit a "mere presence" instruction when his theory of the case was that mere presence at the scene was insufficient to support a conviction. We likewise conclude that counsel's conduct fell below an "objective standard of reasonableness." *But see Garrett*, ¶¶ 24, 26 (citations omitted); *see Kougl*, ¶ 26 (citation omitted) ("[W]hat the judge tells the jury necessarily carries the force of law, while what the adversarial counsel tells the jury does not," and closing arguments do not substitute for proper jury instructions.).

¶22 The Dissent argues that there was sufficient evidence presented to call into question whether or not a "mere presence" instruction would have been appropriate. Dissent, ¶ 36. This argument presumes that counsel may have considered the appropriateness of the

instruction and decided against offering it in light of the evidence presented. The problem with this argument is that it is belied by the manner in which defense counsel presented Chafee's defense. As indicated in ¶ 14, counsel argued that his client was simply sitting there while Robinson committed his offense, and that she did not do anything to aid in the commission of the crime. Counsel further told the jury: "There's no requirement under the law that she affirmatively do anything." Chafee's attorney urged the jury to acquit her on this basis. Because the mainstay of the defense was that Chafee's presence at the scene was not sufficient to convict, there can be no plausible reason for failing to submit the very jury instruction that would have lent the force of law to counsel's argument.

¶23    We now address whether Chafee has established sufficient prejudice under the second prong of *Strickland*. "Sufficient prejudice . . . requires that the defendant demonstrate that a reasonable possibility exists that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Ugalde*, ¶ 70 (citation and internal quotation marks omitted). A defendant must undermine confidence in the outcome but is not required to demonstrate that she would have been acquitted. *Kougl*, ¶ 25 (citation omitted).

¶24    In its presentation of evidence and closing arguments, the State emphasized that Chafee was present at the scene and did not take any action to prevent the crime or to report it to law enforcement. By reason of her counsel's inadequate performance, Chafee was deprived of the chance to have the jury conclude under well-settled law that she was not guilty of the crimes charged simply because she was present at the crime scene. Had trial counsel offered and argued the "mere presence" jury instruction, the result of this case may have been favorable to Chafee. Hence, prejudice is apparent here.

¶25 Because we conclude that defense counsel's failure to offer the jury instruction warrants a new trial, we need not reach Chafee's arguments that her counsel was ineffective when he failed to object to evidence of other bad acts and failed to object to the State's comments about Russell's credibility.

¶26 *2. Is Chafee entitled to a new trial on the basis of prosecutorial misconduct?*

¶27 Though we are reversing this case on alternate grounds, we feel constrained to briefly address Chafee's argument that the prosecutor improperly told the jurors to base their decision on factors other than the law and evidence. The State argues that the comments did not constitute error because they were made in the context of discussing the evidence presented and its evaluation. We disagree. The prosecutor urged the jurors to rely upon their hearts, souls, centers, and essences in making their decision. However, the instructions direct the jury to decide the case on the basis of the evidence and the law. We measure prosecutorial misconduct by reference to established norms of professional conduct, *Ugalde*, ¶ 43 (citation omitted), and "[a]rgument urging the jury to decide the matter based upon factors other than those it is instructed to consider [by the court] is improper." *Sandoval v. Calderon*, 241 F.3d 765, 776 (9th Cir. 2000). We conclude that the cited statements by the prosecutor were improper.

¶28 *3. Is Chafee entitled to a new trial based upon cumulative error?*

¶29 We decline to address the question of whether Chafee is entitled to a new trial pursuant to the cumulative error doctrine given our resolution of Issue One.

**CONCLUSION**

¶30     Based on the foregoing, we vacate the judgment of the District Court and remand this case for a new trial on the charges of accountability for theft and accountability for arson.

/S/ PATRICIA COTTER

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER

Justice Rice, dissenting.

¶31     I dissent from the Court's conclusion in Issue 1 that the allegations of IAC are properly before this Court on direct appeal.

¶32     "There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. . . . 'The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *State v. Jefferson*, 2003 MT 90, ¶ 48, 315 Mont. 146, 69 P.3d 641 (quoting *Strickland v. Washington*, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984) (internal quotation omitted)). Ordinarily, the record on appeal must adequately document why counsel acted, or failed to act, in a particular manner in order for this Court to determine whether counsel's action falls below the reasonable standard for professional conduct. *Jefferson*, ¶ 49. However, in rare cases it is unnecessary to ask "why" in the first instance. In such cases, "[w]hat matters is that there could not be *any legitimate reason* for what counsel did." *State v. Kougl*, 2004 MT 243, ¶ 15, 323 Mont. 6, 97 P.3d 1095 (emphasis added). When there is a plausible, but not

11

necessarily actual, justification for counsel's action, the proper action for this Court is to dismiss the appeal without prejudice and allow the defendant to seek relief through a postconviction relief hearing. *Kougl*, ¶ 19.

¶33    I am not convinced that this case satisfies the no "legitimate reason" exception for counsel's failure to request the "mere presence" instruction. Unlike our prior cases where we utilized this exception to review direct appeal claims of IAC for failure to offer a proposed jury instruction, Chafee cannot establish that she was entitled to a "mere presence" instruction. *See Kougl*, ¶ 20 (failure to request an instruction to view accomplices' testimony with suspicion was clearly IAC because the witnesses were undisputedly accomplices and, pursuant to § 26-1-303(4), MCA, "if the trial court had been asked to give a 'viewed with distrust' instruction to the jury, it would have had to honor the request"); *State v. Rose*, 1998 MT 342, ¶ 18, 292 Mont. 350, 972 P.2d 321 (State conceded on appeal that a "viewed with distrust" jury instruction would have been appropriate). We have denied direct appeal claims of IAC where we could not conclude that there was no "legitimate reason" for the failure of counsel to request a jury instruction. *See State v. Hubbel*, 2001 MT 31, ¶ 21, 304 Mont. 184, 20 P.3d 111, *overruled in part on other grounds*, *State v. Hendricks*, 2003 MT 223, 317 Mont. 177, 75 P.3d 1268; *State v. Green*, 2009 MT 114, ¶ 22, 350 Mont. 141, 205 P.3d 798.

¶34    The case cited by the Court, Opinion ¶ 19, for the proposition that failure to offer a potentially beneficial jury instruction is objectively unreasonable conduct for an attorney, *Garrett v. State*, 2005 MT 197, 328 Mont. 165, 119 P.3d 55, and the case therein cited for the rule, *State v. Rogers*, 2001 MT 165, 306 Mont. 130, 32 P.3d 724, *overruled in part on other grounds*, *Whitlow v. State*, 2008 MT 140, ¶¶ 13, 20, 343 Mont. 90, 183 P.3d 861, are

postconviction relief proceedings that did not analyze the propriety of IAC claims made on direct appeal.

¶35     As the State argues, "'the accused need not take an active part in any overt criminal acts to be adjudged criminally liable for the acts,'" quoting *State v. Lantis*, 1998 MT 172, ¶ 39, 289 Mont. 480, 962 P.2d 1169. An "accused[']s act of aiding or abetting under the accountability statute need not be criminal in nature; it need only promote or facilitate commission of the crime." *Lantis*, ¶ 39; *see* § 45-2-302(3), MCA. While "mere presence" at the scene of the crime is not enough to impute liability, *see State v. Johnston*, 267 Mont. 474, 885 P.2d 402 (1994) (defendant merely present when discovered in passenger seat of a vehicle, with no key, outside building that had been burglarized by another), "[o]ne may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission . . . but knowledge and voluntary actions are essential in order to impute guilt." *State v. Nordahl*, 208 Mont. 513, 517, 679 P.2d 241, 243 (1984) (quotation omitted).

¶36     I believe there was sufficient evidence presented to call into question whether or not a "mere presence" instruction would have been appropriate. The State argued and presented evidence that Chafee knowingly allowed Robinson to load stolen goods into her car repeatedly over the course of approximately 10 to 15 minutes. Once Robinson had finished retrieving items from the vehicle and setting it on fire, Chafee drove Robinson and the stolen goods away from the scene of the crime. Upon being questioned by police, Chafee lied to protect both herself and Robinson. Such evidence shows more than "mere presence" while a crime was committed. In response to this dissent, the Court relies on Chaffee's closing

13

argument, but regardless of what Chaffee argued in closing, she was not entitled to a jury instruction that was not supported by the evidence, and her counsel could not be ineffective for failing to request an instruction to which Chaffee was not entitled. If anything, the Court should conclude that Chaffee was not prejudiced by the lack of an instruction, as counsel argued the point anyway.

¶37 There is ample reason here not to second guess counsel. I would dismiss the appeal, essentially affirming the judgment, without prejudice to Chaffee's right to seek postconviction relief on her IAC claims. As to Chafee's other claims of error on appeal, I would decline to exercise plain error review and affirm.

/S/ JIM RICE

Justice Laurie McKinnon joins in the dissenting Opinion of Justice Rice.

/S/ LAURIE McKINNON

14