JUSTICE RICE,
dissenting.
¶31 I dissent from the Court’s conclusion in Issue 1 that the allegations of IAC are properly before this Court on direct appeal.
¶32 “There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional conduct. ... ‘The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.’ ” State v. Jefferson, 2003 MT 90, ¶ 48, 315 Mont. 146, 69 P.3d 641 (quoting Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 2065 (1984) (internal quotation omitted)). Ordinarily, the record on appeal must adequately document why counsel acted, or failed to act, in a *275 particular maimer in order for this Court to determine whether counsel’s action falls below the reasonable standard for professional conduct. Jefferson, ¶ 49. However, in rare cases it is unnecessary to ask “why” in the first instance. In such cases, “[wjhat matters is that there could not be any legitimate reason for what counsel did.” State v. Kougl, 2004 MT 243, ¶ 15,323 Mont. 6,97 P.3d 1095 (emphasis added). When there is a plausible, but not necessarily actual, justification for counsel’s action, the proper action for this Court is to dismiss the appeal without prejudice and allow the defendant to seek relief through a postconviction relief hearing. Kougl, ¶ 19.
¶33 I am not convinced that this case satisfies the no “legitimate reason” exception for counsel’s failure to request the “mere presence” instruction. Unlike our prior cases where we utilized this exception to review direct appeal claims of IAC for failure to offer a proposed jury instruction, Chafee cannot establish that she was entitled to a “mere presence” instruction. See Kougl, ¶ 20 (failure to request an instruction to view accomplices’ testimony with suspicion was clearly IAC because the witnesses were undisputedly accomplices and, pursuant to § 26-1-303(4), MCA, “if the trial court had been asked to give a ‘viewed with distrust’ instruction to the jury, it would have had to honor the request”); State v. Rose, 1998 MT 342, ¶ 18, 292 Mont. 350, 972 P.2d 321 (State conceded on appeal that a “viewed with distrust” juiy instruction would have been appropriate). We have denied direct appeal claims of IAC where we could not conclude that there was no “legitimate reason” for the failure of counsel to request a jury instruction. See State v. Hubbel, 2001 MT 31, ¶ 21, 304 Mont. 184, 20 P.3d 111, overruled in part on other grounds, State v. Hendricks, 2003 MT 223, 317 Mont. 177, 75 P.3d 1268; State v. Green, 2009 MT 114, ¶ 22, 350 Mont. 141, 205 P.3d 798.
¶34 The case cited by the Court, Opinion ¶ 19, for the proposition that failure to offer a potentially beneficia 1 juiy instruction is objectively unreasonable conduct for an attorney, Garrett v. State, 2005 MT 197, 328 Mont. 165, 119 P.3d 55, and the case therein cited for the rule, State v. Rogers, 2001 MT 165, 306 Mont. 130,32 P.3d 724, overruled in part on other grounds, Whitlow v. State, 2008 MT 140, ¶¶ 13, 20, 343 Mont. 90, 183 P.3d 861, are postconviction relief proceedings that did not analyze the propriety of IAC claims made on direct appeal.
¶35 As the State argues, “ ‘the accused need not take an active part in any overt criminal acts to be adjudged criminally liable for the acts,’ ” quoting State v. Lantis, 1998 MT 172, ¶ 39, 289 Mont. 480, 962 P.2d 1169. An “accused[’]s act of aiding or abetting under the accountability *276 statute need not be criminal in nature; it need only promote or facilitate commission of the crime.” Lantis, ¶ 39; see § 45-2-302(3), MCA. While “mere presence” at the scene of the crime is not enough to impute liability, see State v. Johnston, 267 Mont. 474, 885 P.2d 402 (1994) (defendant merely present when discovered in passenger seat of a vehicle, with no key, outside building that had been burglarized by another), “[o]ne may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission ... but knowledge and voluntary actions are essential in order to impute guilt.” State v. Nordahl, 208 Mont. 513, 517, 679 P.2d 241, 243 (1984) (quotation omitted).
¶36 I believe there was sufficient evidence presented to call into question whether or not a “mere presence” instruction would have been appropriate. The State argued and presented evidence that Chafee knowingly allowed Robinson to load stolen goods into her car repeatedly over the course of approximately 10 to 15 minutes. Once Robinson had finished retrieving items from the vehicle and setting it on fire, Chafee drove Robinson and the stolen goods away from the scene of the crime. Upon being questioned by police, Chafee lied to protect both herself and Robinson. Such evidence shows more than “mere presence” while a crime was committed. In response to this dissent, the Court relies on Chaffee’s closing argument, but regardless of what Chaffee argued in closing, she was not entitled to a jury instruction that was not supported by the evidence, and her counsel could not be ineffective for failing to request an instruction to which Chaffee was not entitled. If anything, the Court should conclude that Chaffee was not prejudiced by the lack of an instruction, as counsel argued the point anyway.
137 There is ample reason here not to second guess counsel. I would dismiss the appeal, essentially affirming the judgment, without prejudice to Chaffee’s right to seek postconviction relief on her IAC claims. As to Chafee’s other claims of error on appeal, I would decline to exercise plain error review and affirm.
JUSTICE McKINNON joins in the dissenting Opinion of JUSTICE RICE.