FILED

March 22 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0409

DA 15-0409

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 71N

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

CHAD K. REIMER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Hill, Cause No. DC-89-010
Honorable John C. McKeon, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad K. Reimer (self-represented), Deer Lodge, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

            Gina Dahl, Hill County Attorney, Havre, Montana

Submitted on Briefs:  February 17, 2016
Decided:  March 22, 2016

Filed:

                          Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1       Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2       In 1989, the Twelfth Judicial District Court, Hill County, convicted Chad K. Reimer of mitigated deliberate homicide pursuant to a plea agreement and sentenced him to forty years in prison with an additional fifteen years for his designation as a persistent felony offender (PFO) and an additional four years for a weapons enhancement.  In 2015, this Court granted Reimer's habeas corpus petition and ordered resentencing due to the separate PFO sentence.  After holding a new sentencing hearing and considering extensive evidence, the District Court resentenced Reimer to fifty-five years in prison, and modified the weapons enhancement to eight years with four years suspended. Reimer appeals, challenging the modification to the weapons enhancement sentence on two constitutional grounds.

¶3       We review de novo whether a district court violated a defendant's constitutional rights at sentencing.  *State v. Haldane*, 2013 MT 32, ¶ 17, 368 Mont. 396, 300 P.3d 657.

¶4       Reimer argues that the District Court's resentencing on the weapons enhancement violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000).  A violation of *Apprendi* is a violation of a defendant's Due Process right to have a jury determine that he "'is guilty of every element of the crime with which he is charged, beyond a

2

reasonable doubt.'" *Apprendi*, 530 U.S. at 476–77, 120 S. Ct. 2356–57 (citing *United States v. Gaudin*, 515 U.S. 506, 510, 115 S. Ct. 2310, 2313 (1995)). *Apprendi* requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury . . . ." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362–63. The United States Supreme Court has clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely v. Washington*, 542 U.S. 296, 303, 124 S. Ct. 2531, 2537 (2004) (emphasis in original). When, as here, the defendant admits to using a firearm when committing a crime, *Apprendi* permits a district court to subject a defendant to an additional sentence for a weapons enhancement. *Blakely*, 542 U.S. at 303, 124 S. Ct. at 2537. Reimer admitted to using a firearm in his plea agreement. The District Court relied on Reimer's admission in applying the weapons enhancement sentence. Therefore, the court did not increase the penalty beyond the prescribed statutory maximum in violation of *Apprendi*.

¶5    Reimer claims that the District Court's resentencing on the weapons enhancement violates the Double Jeopardy Clause of the United States and Montana Constitutions because the court failed to articulate a reason for increasing the sentence. The United States Supreme Court has addressed whether a defendant can receive a harsher sentence when being sentenced for a second time. *North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072 (1969). The Court held that "neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon

3

reconviction." *Pearce*, 395 U.S. at 723, 89 S. Ct. at 2079. The Due Process Clause of the Fourteenth Amendment to the United States Constitution, however, prevents a court from imposing a harsher sentence vindictively, that is, in retaliation for the defendant's choice to pursue an appeal. *Pearce*, 395 U.S. at 725, 89 S. Ct. at 2080; *State v. Hubbel*, 2001 MT 31, ¶ 26, 304 Mont. 184, 20 P.3d 111 (*overruled on other grounds by State v. Hendricks*, 2003 MT 223, 317 Mont. 177, 75 P.3d 1268) (reviewing a district court's imposition of a harsher sentence following retrial and finding that the resentencing was not vindictive and not a violation of Due Process). A court rebuts the presumption of vindictiveness when increasing a sentence if the court affirmatively offers objective reasons to justify the increased sentence. *Pearce*, 395 U.S. at 726, 89 S. Ct. at 2081.

¶6     As the appellant, Reimer has a duty to provide this Court "with a record sufficient to enable it to rule upon the issues raised." M. R. App. P. 8(2). Reimer failed to provide a transcript of the sentencing hearing. Therefore, he has not presented this Court with a record sufficient to determine whether the District Court acted vindictively in increasing the weapons enhancement sentence. The clerk of court's minutes from the sentencing hearing show that the District Court considered factors such as Reimer's criminal history, his behavior in prison, the circumstances of the crime, and psychological evaluations. These are appropriate factors to consider and indicate that the court did not act vindictively in resentencing on the weapons enhancement. *Hubbel*, ¶¶ 29–30 (providing examples of "constitutionally legitimate" reasons for increasing a sentence upon reconviction). Therefore, in the absence of a record showing otherwise, Reimer has not established a Due Process violation.

¶7 Finally, Reimer asserts that resentencing on the weapons enhancement violates § 46-1-401(1)(a), MCA, because the enhancing fact did not appear in the amended information. Reimer waived his right to bring this challenge when he failed to raise it in the District Court. Section 46-20-104, MCA; *State v. Kotwicki*, 2007 MT 17, ¶ 22, 335 Mont. 344, 151 P.3d 892 (holding that the Court will not review an unpreserved objection to a sentence).

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal decides no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶9 The District Court did not violate Reimer's constitutional rights when it resentenced him. Its judgment is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT